### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

KNOXVILLE. SEPTEMBER TERM, 1924.

---

J. M. FORD *v.* THE STATE.*

(*Knoxville.* September Term, 1924.)

1. **CONSTITUTIONAL LAW.** Statutes. Permitting persons, in counties of certain population, violating compulsory school laws, to choose trial magistrate, held unjustified discrimination.

Priv. Acts 1923, chapter 479, attempting to amend compulsory school laws (Acts 1913, chapter 9, as amended by Acts 1919, chapter 143) in their application to counties of a population between 23,250 and 23,300, to allow any one therein prosecuted for violating this law to pick trial magistrate, whereas under the general law citizens in any other counties must be tried before any justice or juvenile judge, is unjustified discrimination and classification, violative of Constitution article 1, section 8, and article 11, section 8. (*Post,* pp. 329, 330.)

(327)

Acts cited and construed: Acts 1923, ch. 479; Acts 1913, ch. 9; Acts 1919, ch. 143.

Cases cited and approved: Redistricting Cases, 111 Tenn., 234; Fleming v. Memphis, 126 Tenn., 331; State v. Turnpike Co., 133 Tenn., 446.

Constitution cited and construed: Sec. 8, arts. 1, 11.

2. **STATUTES.** Entire act falls, valid and invalid parts not being readily separable.

Any valid of Priv. Acts 1923, chapter 479, attempting to amend compulsory school law, as to counties of a certain population, not being readily separable from invalid part, whole act falls. (*Post, pp.* 330, 331.)

---

*Headnote 1.   12 C. J., Constitutional Law, §§ 827, 954; 36 Cyc, Statutes, p. 1003; 2.   36 Cyc, Statutes, p. 977.

FROM CLAIBORNE.

Appeal from the Circuit Court of Claiborne County.—Hon. J. H. S. Morison, Judge.

John P. Davis, Jr., for Ford.

Wm. I. Davis and J. R. Ketron, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

This appeal in error involves the validity of chapter 479 of the Private Acts of 1923, undertaking to amend our compulsory school laws in their application to coun-

ties having a population of not less than 23,250 and not more than 23,300—Claiborne County. The trial judge held the act unconstitutional. The act contains the following provision:

". . . And in case of any prosecution the defendant at all times shall select the magistrate of the civil district in which he lives to try his case, and the officer notifying or summoning such parent, guardian or custodian of any school child or children for prosecution shall inquire of such defendant what magistrate of his district he wishes to be tried before, and the summoning shall be returned accordingly."

Chapter 9 of the Acts of 1913, as amended by chapter 143 of the Acts of 1919, the general school laws, provides that: ". . . Any justice of the peace or juvenile judge shall be vested with the power to hear all cases coming within the provisions of this act."

We cannot conceive of any reason why citizens of Claiborne county violating this law should be entitled to pick their magistrate before whom to be tried, when citizens of other counties of the State must be tried before "any justice of the peace or juvenile judge." Such discrimination cannot be justified upon any reasonable grounds. On the contrary, it is palpably vicious, not to be maintained on a population or any other basis. A corrupt or biased magistrate might destroy the entire benefit of the school law in his district if the act before us was upheld.

Such an attempted classification is plainly prohibited by section 8, article 1, and section 8, article 11, of the Constitution of Tennessee. *Redistricting Cases,* 111 Tenn., 234, 80 S. W., 750; *Fleming* v. *Memphis,* 126 Tenn.,

331, 148 S. W., 1057, 42 L. R. A. (N. S.), 493, Ann. Cas., 1913D, 1306; *State* v. *Turnpike Co.,* 133 Tenn., 446, 181 S. W., 682.

The portion of the act quoted does not affect Claiborne county in its governmental capacity at all, *but only affects the rights of citizens of that county.* There is another provision in the act to which we need not refer, since it is not readily separable from the provision held invalid, and the whole act must go down.

Let the judgment below be affirmed.