O. D. LINDSEY *et al v.* J. M. DRANE, *et al.**

(*Jackson.*   April Term, 1926.)

Opinion filed July 13, 1926.

1. **DECLARATORY JUDGMENT LAW. Acts, 1923, ch. 29.**

The stock law (ch. 496, Private Acts, 1925), regulating live stock running at large in Benton county, is not impaired by irregularity of an election to determine the will of the people touching such law; nor does the act violate article 1, section 8, nor article 11, section 8 of the State Constitution, nor the Fourteenth Amendment to the Federal Constitution. (Post, p. 458.)

Citing:   Sullivan v. State, 136 Tenn., 194, 188 S. W., 1153; sustaining chapter 177, Acts of 1903; Thomas v. State, 136 Tenn., 47, 188 S. W., 617, sustaining chapter 49, Private Acts of 1911; Wright v. Cunningham, 115 Tenn., 445, 91 S. W., 203; Peterson v. State, 104 Tenn., 127, 56 S. W., 834; Hall v. State, 124 Tenn., 237, 137 S. W., 500.

2. **INJUNCTION.   Prosecution of penal statutes.**

The chancery court has no power to enjoin the prosecution of an alleged violation of a penal statute.   (Post, p. 460.)

Citing:   Kelly & Co. v. Conner, 122 Tenn., 393, 122 S. W., 622; 25 L. R. A. (N. S.), 201.

3. **LIVE STOCK RUNNING AT LARGE.   Damages.**

Trespassing animals under the several acts relating to Benton county, may be impounded as at common law.   If damage is not adjusted, a lien may be enforced through a judicial pro-

ceeding, through judgment and execution; or through attachment, judgment and sale, as provided by law. (Post, p. 461.)

---

*Headnotes 1. Statutes, 36 Cyc., p. 942; 2. Animals, 3 C. J., section 580; 3. Injunctions, 32 C. J., section 438; 4. Animals, 3 C. J., section 633.

## FROM BENTON.

Appeal from the Chancery Court of Benton County.— HON. TOM C. RYE, Chancellor.

JOSEPH HIGGINS and C. N. FRAZIER, for plaintiffs in error.

S. L. PEELER, for defendants in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed under the Declaratory Judgments Law (chapter 29, Acts of 1923) by citizens of Benton county against the district attorney, J. M. Drane, the election commissioners of Benton county, and Benton county. The bill attacks the stock law (chapter 496, Priv. Acts of 1925) applicable to Benton county, alleging that the act is invalid, but, if valid, the complainants seek a construction of section 2 of the act. The chancellor dismissed the bill on motion of the defendants, and through assignments of error the complainants seek a review of his decision.

A ground of attack is the invalidity of an election held in Benton county before the act was introduced, to deter-

mine the will of the people touching a stock law for the county. The bill was introduced and the act passed after a favorable vote in an election called by the election commissioners. By what authority the commissioners called the election does not clearly appear. Irregularity in such election could not affect the validity of the act in question. The legislature could have passed it without approval of the voters, or could have passed it even after a vote of the people disapproving such law.

The State government is representative, and the public will is expressed through representatives in the General Assembly.

Another ground of attack is the unconstitutionality of the act. The act does not violate article 1, section 8, nor article 11, section 8, of the State constitution, nor the Fourteenth Amendment to the federal constitution. The precise questions presented by complainants are determined adversely to their contention in *Sullivan* v. *State,* 136 Tenn., 194, 188 S. W., 1153, sustaining chapter 177, Acts of 1903, *Thomas* v. *State,* 136 Tenn., 47, 188 S. W., 617, sustaining chapter 49, Private Acts of 1911, and also by the case of *Wright* v. *Cunningham,* 115 Tenn., 445, 91 S. W., 293. *Peterson* v. *State,* 104 Tenn., 127, 56 S. W., 834; *Hall* v. *State,* 124 Tenn., 237, 137 S. W., 500.

The effort to enjoin the district attorney from drawing presentments and indictments for a violation of the act must fail, because the chancery court has no power to enjoin prosecutions for the violation of penal statutes. *Kelly & Co.* v. *Conner,* 122 Tenn., 339, 122 S. W., 622, 25 L. R. A. (N. S.), 201.

Referring to a declaratory construction of section 2 of the act, the language of section 2 is that of sections 2 and. 3, chapter 122 of the Private Acts of 1911, and chapter 177, Acts of 1903, and of sections 2, 3, and 4, of chapter 49 of the Private Acts of 1911. Under such provisions the landowner is authorized to impound trespassing animals, as is permissible at common law, and, if damages for their trespass was not otherwise adjusted, the act authorizes the injured landowner to recover for the injury and enforce a lien upon the animals. To enforce the lien it would be necessary to do it through a judicial proceeding, and these acts provide that it may be through judgment and execution or through attachment, judgment, and sale as provided by law.

The decree of the chancellor is affirmed.