ERWIN BILLIARD PARLOR v. W. M. BUCKNER, SHERIFF, et al.*

(*Knoxville.* September Term, 1927.)

Opinion filed, December 19, 1927.

1. DECLARATORY JUDGMENT LAW. PLEADINGS. INJUNCTION. PENAL STATUTE.

The Chancery Court has no power to enjoin prosecutions for a violation of penal statutes even though the proceeding is brought under the Declaratory Judgment Law. (Post, p. 280.)

Citing: Acts of 1923, chapter 29; Lindsey v. Drane, 154 Tenn. (1 Smith), 458; Kelly & Co. v. Conner, 122 Tenn. (14 Cates), 339, 25 L. R. A. (N. S.), 201.

2. DECLARATORY JUDGMENT LAW. PLEADINGS. PROPERTY RIGHTS. CONSTITUTIONALITY OF STATUTE. JURISDICTION.

The constitutionality of a statute may be determined under the Declaratory Judgment Law where it does not appear that the jurisdiction of the court to render a Declaratory Judgment is challenged. (Post, p. 281.)

Citing: Lindsey v. Drane, 154 Tenn. (1 Smith), 458; Pettit v. White County, 152 Tenn. (25 Thomp.), 660.

3. DECLARATORY JUDGMENT LAW. INTERPRETATION. INJUNCTION. PENAL STATUTE.

While a person who has a special interest in the question of the constitutionality of a penal statute, distinct from the interest of the general public, that person is entitled to maintain an action for the determination of the proper construction or constitutionality of such a statute under the Declaratory Judgment Law, but is not entitled to an injunction against the officer of the State charged with the enforcement of penal laws. (Post, p. 281.)

Citing: Lindsey v. Drane, 154 Tenn. (1 Smith), 458.

4. CONSTITUTIONAL LAW. CONSTRUCTION OF STATUTE. PRIVATE ACTS.

A statute which prohibits the prosecution of a business by private individuals, not harmful in and of itself, and not made unlawful

by the general laws of the State, but prohibits such business in only counties having a certain population, is contrary to the provision of the Constitution.   (Post, p. 282.)

Citing: Private Acts of 1925, chapter 104; Private Acts of 1925, chapter 290; Constitution of the State, article 1, sec. 8, and article 11, sec. 8; State v. Turnpike Co., 133 Tenn. (6 Thomp.), 446; State v. Kerby, 136 Tenn. (9 Thomp.), 386; Spicer v. King Bros., 136 Tenn. (9 Thomp.), 408; State ex rel. v. Stewart, 147 Tenn. (20 Thomp.), 375; Trustees, etc., v. Ballentine, 151 Tenn. (24 Thomp.), 622; Ford v. State, 150 Tenn. (23 Thomp.), 327.

## 5.  DECLARATORY JUDGMENT LAW.  COSTS.

In a suit where the complainants are entitled to no more relief than a declaration of their rights and status for their own protection the costs should be paid by the complainants.  (Post, p. 283.)

Citing: Acts 1917, ch. 107.

---

*Headnotes 1. Injunctions, 32 C. J., section 443; 2. Constitutional Law, 12 C. J., section 177; 3. Injunctions, 32 C. J., section 443; 4. Constitutional Law, 12 C. J., section 880; 5. Costs, 15 C. J., section 615 (Anno).

---

FROM UNICOI.

---

Appeal from the Chancery Court of Unicoi County.— Hon. S. E. Miller, Judge.

Cox & Taylor, for complainant.

Burrow & Burrow, for defendant.

Mr. Justice Swiggart delivered the opinion of the Court.

The bill was filed in this cause by complainants against the sheriff, foreman of the grand jury, and the district attorney-general, under the provisions of the Declaratory Judgments Law (Acts 1923, chapter 29), for a decree declaring unconstitutional chapter 104 of the Private Acts of 1925, as amended by chapter 290 of the Private Acts of 1925, and for a decree of injunction re-

straining the defendants from proceeding in the criminal court against complainants for violations of said Private Acts. The Chancellor dismissed the bill on demurrer and complainants have appealed.

Private Acts of 1925, Chapter 104, as amended, declare unlawful the operation of pool and billiard rooms for profit or pay in counties of the State having a population of not less than 10,015, nor more than 10,125, by the Federal Census of 1920, or any subsequent Federal Census.

The bill avers that the complainants are engaged in the operation of pool and billiard rooms for pay and profit, in Unicoi County, the population of which county brings it within the application of said statute, and that complainants have made investments of money in their said business, so that their property rights would be destroyed by the enforcement of the statute.

The bill further avers that the complainants had been served with notice by the sheriff that he would procure warrants against them and close their places of business, and continue to prosecute them for every separate offense committed by them contrary to the provisions of said statute, etc.

*(1)* The Chancellor was correct in declining to issue an injunction against the defendants, as prayed in the bill.

In *Lindsey* v. *Drane,* 154 Tenn., 458, a proceeding under the Declaratory Judgments Law, this court followed *Kelly & Co.* v. *Conner,* 122 Tenn., 339, 25 L. R. A. (N. S.), 201, holding that "the chancery court has no power to enjoin prosecutions for the violation of penal statutes." The effect of that decision is that the Declaratory Judgments Law was not intended to increase the jurisdiction of the chancery court in this regard, or to change the public policy against such an extension of jurisdiction

as so clearly defined and stated in *Kelly & Co.* v. *Conner, supra.*

(2) In *Lindsey* v. *Drane, supra,* the court did, however, entertain the bill of the complainants, filed against the district attorney-general, for a declaratory judgment as to the constitutionality of a statute, penal in its nature, affecting the property rights of the complainants. A similar bill was maintained successfully in *Pettit* v. *White County,* 152 Tenn., 660. In neither of these cases does it appear that the jurisdiction of the court to render the declaratory judgment was challenged.

(3) In *Hodges* v. *Hamblen County,* 152 Tenn., 395, the court said:

"The court is committed to a liberal interpretation of the Declaratory Judgments Act so as to make it of real service to the people and to the profession."

The statute (Acts 1923, Chapter, 29), provides that "courts of record within their respective jurisdictions shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 2 provides "that any person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

The complainants show by the averments of their bill that they have a special interest in the question of the constitutionality of the penal statute described in the bill, distinct from the interest of the public generally, in that their investment and property rights will be directly affected and injured by its enforcement.

We are of the opinion that a person so situated is en-

titled to bring and maintain an action for the determination of the proper construction or constitutionality of such a statute, under the provisions of the Declaratory Judgments Law, and the bill in the present cause was properly filed against the sheriff, in view of the averment of the bill that the sheriff had given notice of his intention to proceed against complainants. This jurisdiction of the chancery court does not, however, include the power to issue an injunction against officers of the State or county charged with the enforcement of penal laws. *Lindsey* v. *Drane, supra.* And pending such a proceeding for a determination as to the construction or constitutionality of a penal statute, such officers may proceed in the discharge of the duties of their office without hindrance.

(4) Chapter 104 of the Private Acts of 1925, and its amendatory act (Chapter 290 of the Private Acts of 1925), cannot be sustained. By the provisions of these statutes the prosecution of a business by private individuals, not harmful in and of itself, and not made unlawful by the general laws of the State, is prohibited in counties having a population of not less than 10,015 and not more than 10,125. The statute does not deal with a county or counties in their political or governmental capacity, but is designed immediately to affect citizens in their property rights, without affecting others in like condition elsewhere in the State. Such a legislative enactment is contrary to the provisions of the Constitution of the State, article 1, section 8, and article 11, section 8. *State* v. *Turnpike Co.*, 133 Tenn., 446; *State* v. *Kerby*, 136 Tenn., 386; *Spicer* v. *King Bros.*, 136 Tenn., 408; *State ex rel.* v. *Stewart*, 147 Tenn., 375; *Trustees, etc.*, v. *Ballentine*, 151 Tenn., 622; *Ford* v. *State*, 150 Tenn., 327.

A decree will accordingly be entered in this court de-

claring the said Chapter 104 of the Private Acts of 1925, and its amendatory act, unconstitutional and void, in accordance with the prayer of the bill, but the injunctive relief sought will be denied.

(5)   There is no averment of the bill charging any misconduct or abuse of authority on the part of the several officers named as defendants to the bill.   The complainants are entitled to no more relief than a declaration of their rights and status, for their own protection and benefit.

The equities of the cause require that no costs be adjudged against the defendants and all of the costs will be paid by the complainants and the sureties on their appeal bond.   Acts 1917, Chapter 107.