Y. Q. CALDWELL *v.* SPICER & McEVOY, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed July 20, 1929.

Y. Q. Caldwell, Jr., for complainant, appellant.

Lewis & Rhodes, for defendants, appellees.

Mr. Justice McKinney delivered the opinion of the Court.

By a former bill complainant sought to enjoin the defendants from converting their dwelling, located in the resident section of Paris, into a funeral home, upon the theory that an undertaking establishment in a nuisance *per se.*

The Chancellor held otherwise and dismissed the bill, and his decree was affirmed by this court.

Thereupon the present bill was filed, and a *fiat* for an injunction obtained, upon allegations that defendants were undertaking to remodel said dwelling without first having obtained a building permit from the city, pursuant to an ordinance.

In this situation, a petition for writs of *certiorari* and *supersedeas* was presented to a member of this court at chambers, and said writs were ordered issued requiring the chancery court to certify the record in said cause to this court and superseding the injunction which restrained defendants from remodeling their building.

This court has jurisdiction in the premises since such a proceeding is an interference with the decree of this court. *State ex rel.* v. *Herbert,* 127 Tenn., 220.

It is elemental that a litigant cannot split up his cause of action but must include all grounds upon which he seeks relief in one suit. Were it otherwise, complain-

ant, by alleging different grounds for injunctive relief, could prolong the litigation indefinitely and do the defendants great injustice.

The situation was not changed by amending the bill so as to make Mrs. Morton a party complainant. No cause of action is stated as to her, she did not verify the bill, and filed no injunction bond.

 The ordinance which defendants are charged with violating is a misdemeanor, of which equity has no jurisdiction.

It is not the intention of the law that constitutional provisions shall be evaded by substituting a civil for a criminal procedure. The mere fact that officers charged with the duty of enforcing the provisions of the criminal law refuse to perform their duty in this regard is no reason for the interference of a court of equity. 32 Corpus Juris, section 438, p. 275.

In the next section it is said:

"In applying the general rule above stated courts have refused to grant injunctions to restrain the erection or location of wooden buildings within the fire limits of a municipality; to restrain the erection of a livery stable in a city; to restrain the maintenance of a slaughterhouse on a stream flowing through a city; to restrain the permitting stock and cattle to run at large within the city limits; to restrain the transaction of banking business in contravention of law; to restrain a violation of city ordinances, where the acts complained of do not amount to such a nuisance as equity would restrain."

Many cases are cited in the note supporting the text.

The order of *supersedeas* is made perpetual and the complainant is taxed with the costs.