FRANKLAND CARRIAGE Co. *et al. v.* CITY OF JACKSON *et al.*

(*Jackson,* April Term, 1930.)

Opinion filed May 31, 1930.

PEARSON & HEWGLEY, for complainant, appellants.

W. P. Moss, for defendant, appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Complainants operate filling stations and deal in automobile accessories in the City of Jackson. By the bill in this cause they seek to enjoin the enforcement of an alleged invalid ordinance of the city which provides:

"It shall be unlawful to keep any business house open on Sunday, or to sell any goods, wares or merchandise on Sunday; provided, that confectionaries may sell ice cream, soda water and cakes on Sunday, and hotel keepers, livery stable-keepers, druggists and apothecaries may keep open at any time."

The motion of the defendants to dissolve the injunction, which had been granted, upon bill and answer, was sustained by the chancellor, and the bill dismissed. This was proper since the chancery court is without jurisdiction to entertain such a suit.

In 14 Ruling Case Law, 426, it is said:

"The general rule is that a court of equity has no jurisdiction or power to interfere to arrest the authorities charged with the execution of the criminal law, whether it pertains to the state at large, or to the municipalities, which are agencies in the administration of civil government."

This rule is approved by the decisions of this court in the following cases: *Fritz* v. *Sims,* 122 Tenn., 139; *Kelly* v. *Conner,* 122 Tenn., 339; *Lindsey* v. *Drane,* 154 Tenn., 460; *Erwin Billiard Parlor* v. *Buckner,* 156 Tenn., 280; *Caldwell* v. *Spicer & McEvoy,* 159 Tenn., 467.

In the first of these cases it was said:

"It is a well-settled rule, both in England and America, that a court of equity has no jurisdiction to interfere by injunction to restrain a criminal prosecution, whether the prosecution be for violations of statutes or for an infraction of municipal ordinances."

*Fritz* v. *Sims, supra,* was also approved in *Kelly* v. *Conner,* and, in support of the rule, the court quoted from *In re Sawyer,* 124 U. S., 200, 31 L. Ed., 402, as follows:

"And in the American Courts, so far as we are informed, it has been strictly and uniformly upheld, and has been applied alike whether the prosecutions or arrests sought to be restrained arose under statutes of the State or under municipal ordinances."

The authorities are almost unanimous upon this question. The reason for the rule is fully stated in *Kelly* v. *Conner, supra.*

■ An exception to the rule, which is generally recognized, is that a court of equity will take jurisdiction where property rights are effected.

652

■ What was said in *Kelly* v. *Conner, supra,* with respect to the destruction of property rights, is applicable to the facts of this cause, to-wit:

"This statute is purely a police measure of general application. It has no special reference to complainants or their property. It does not invade or appropriate property, nor in any way affect the title or interfere with the possession of the owners. It does not impair the obligation of contracts. . . .

"When reduced to its last analysis, their suit is simply one to enjoin the officers of the State from prosecuting them for pursuing a business, made unlawful by a statute enacted in the exercise of the police power, until they can have it construed, and its validity or invalidity determined, by the chancery court, instead of by that court created for the purpose of administering it and all other criminal laws. Have the chancery courts of this State jurisdiction to entertain a bill for this purpose?

"We think not."

In the cause we are considering the ordinance only purports to prohibit complainants from operating their establishments on Sunday just as it does all others coming within the purview of the ordinance.

The decree of the chancellor will be affirmed.