WINDROW v. STEPHENS, Sheriff, et al.—103 S. W. (2d) 584.

Middle Section. January 25, 1937.

Petition for Certiorari denied by Supreme Court, March 27, 1937.

R. E. Haynes, of Franklin, for appellants sheriff et al.
J. H. Campbell, of Franklin, for appellee Windrow.

CROWNOVER, J. This is a proceeding to enjoin the enforcement of a judgment in a criminal court imposing a fine and cost for the violation of the Fish and Game Laws.

The bill alleges that on April 18, 1931, a state warrant was issued against W. G. Windrow alleging a violation of the Fish and Game Laws; that through fraud, accident, or mistake on the part of the justice of the peace who issued said warrant a judgment was entered against him on that date, imposing a fine of $25 and costs; that the judgment was affirmed by the circuit court and the Supreme Court; and prays for an injunction restraining J. J. Stephens, sheriff of Williamson county, and D. L. Hawkins, circuit court clerk for Williamson county, from enforcing said judgment.

An injunction was issued.

The defendants filed a demurrer to said bill, which was overruled. Thereupon they filed their answer denying, among other things, that the complainant had a right to an injunction restraining the enforcement of a judgment of the criminal court.

It was agreed in writing, before the trial, by complainant and defendants, that the case might be heard upon oral testimony of witnesses introduced in open court.

A jury was demanded, which demand was granted, and the following issue of fact was submitted to it:

"Was the judgment of J. J. Chrisman, Justice of the Peace, finding complainant, W. G. Windrow, guilty as charged in the warrant, rendered by fraud, accident, or mistake?"

To which the jury answered: "Yes."

At the close of the complainant's evidence, and again at the conclusion of all the evidence, the defendants moved the court to withdraw the issue from the jury, which motions were overruled.

Thereupon it was decreed by the court that the judgment of the justice of the peace was rendered by fraud, accident, or mistake, and that the injunction theretofore issued in said cause restraining the defendants from enforcing or carrying out said orders and judgment of the circuit court be made perpetual.

The defendants filed their motions for a new trial and in arrest of judgment, which were overruled, to which the defendants excepted, and thereupon they filed a petition to rehear, which was likewise overruled, to which the defendants excepted, and appealed to this court and have assigned a number of errors, but there is only one determinative question in the case, and that is: Has the chancery court jurisdiction to enjoin the execution of a judgment in a criminal case?

W. G. Windrow and several other men, on April 18, 1936, decided to go fishing. They went to a creek in Williamson county, one of them carrying a fishing pole and one a seine. None of them had fishing licenses. Windrow was on the bank of the creek with the fishing pole attempting to catch fish and the others had gone down the stream a short distance with the seine, when a deputy game warden appeared and arrested them and took them before a justice of the peace for Williamson county for trial.

The complainant, Windrow, insists that when they appeared before the justice he instructed them to return for trial on May 2d; that when they appeared for trial on May 2d the justice informed them that they had pleaded guilty on April 18th and he had fined them each $25. He insists that they did not plead guilty. He testified on cross-examination that when they appeared before the justice on April 18th he asked them if they were guilty or not guilty and one of the parties said, "We were down there," and the others did not answer. Windrow further insists that he was not guilty and had a meritorious defense to said charge which he was prevented from interposing by the fraud, accident, or mistake on the part of the justice.

The justice of the peace and the deputy game warden testified that the deputy game warden brought the parties before the justice and swore out a warrant for their arrest; that the justice asked each one if he was guilty or not and each one said he was guilty; that they told the justice that they wanted to submit their cases but did not have any money with them to pay the fines and costs; that the justice fined each one $25 and costs and agreed that they might have until May 2d to pay the same.

On their appearance on May 2d, after some discussion, they filed appeal bonds.

The warrants and judgments of the justice were dated April 18, 1931.

When the cases were reached on the circuit court docket, the circuit judge dismissed the appeals because the record showed that the appeal bonds were filed more than two whole days after the date of the judgments, and the judgments of the justice were affirmed. A judgment was entered against each of the parties for $25 and costs. Said judgments further provided that upon the failure of the party to pay said fine and costs he be committed to the workhouse to work out said fine and costs as in the case of misdemeanors .

In October, 1931, each of the parties filed a petition for certiorari in the circuit court. On motion of the defendants the petitions were dismissed on the ground that the officer's return and the judgment of the justice's court could not be thus contradicted. The order further provided that the state of Tennessee have and recover of each of the parties and their sureties the said sum of $25 and costs, for which execution should issue.

On appeal to the Supreme Court, the judgment of the circuit court in the case of State v. W. G. Windrow was affirmed and it was ordered and adjudged "that the State of Tennessee recover of W. G. Windrow, the plaintiff in error, for the use of the County of Williamson, the sum of $25.00, the fine assessed against him in the court below, together with the costs of the cause accrued in this court and in the court below, and execution may issue from this court for

the costs of the appeal. It is further ordered by the court that the plaintiff in error remain in the custody of the Sheriff of Williamson County until said fine and costs are paid, secured or worked out as required by law, and this cause is remanded to the Circuit Court of Williamson County for the execution of this judgment.''

Procedendo issued from the Supreme Court to the circuit court remanding the cause thereto for further proceedings and final determination.

Judgment was entered in the circuit court ''that the State of Tennessee, for the use of Williamson County, have and recover of W. G. Windrow, principal, and J. B. Windrow and G. W. Harper, sureties, the sum of $25.00 and interest thereon from April 18, 1931, together with all costs of this cause for which let execution issue. Upon failure of said W. G. Windrow to pay or cause to be paid said sum of $25.00, interest and costs, within ten days from this date, the defendant will be committed to the workhouse to work out said fine, interest and costs as in the case of misdemeanors.''

■ The chancery court had no jurisdiction to issue the injunction in this case.

''The enforcement of the criminal law is not subject to control by equity courts. The possibility that innocent persons may suffer unjustly from prosecution is a necessary incident of the administration of justice, and their right of defense is necessarily held to be an adequate remedy. The doctrine applies to prosecutions under statutes and municipal ordinances alike, and extends to its necessary incidents, including police surveillance within the limits of discretion fairly committed by law, the procurement of evidence, execution of search warrants, etc., if no legal or constitutional limitations are transcended but not to abuse of police authority beyond the bounds of discretion for the purpose for which it was conferred. Discrimination in enforcement confers no added equity.'' 2 Lawrence on Equity Jurisprudence, 1059, 1060, section 971.

■ The general rule is that a court of equity has no jurisdiction to enjoin a criminal prosecution. Frankland Carriage Co. v. City of Jackson, 160 Tenn., 649, 28 S. W. (2d), 343; Fritz v. Sims, 122 Tenn., 137, 119 S. W., 63, 135 Am. St. Rep., 867, 19 Ann. Cas., 458; Kelly & Co. v. Conner 122 Tenn., 339, 123 S. W., 622, 25 L. R. A. (N. S.), 201; Caldwell v. Spicer & McEvoy, 159 Tenn., 465, 19 S. W. (2d), 238; Erwin Billiard Parlor v. Buckner, 156 Tenn., 278, 300 S. W., 565; Lindsey v. Drane, 154 Tenn., 458, 285 S. W., 705; Schevenell Const. Co. v. City of Memphis, 8 Tenn. App., 22; 16 Am. & Eng. Ency. of Law (2 Ed.), 370.

In Ex parte Sawyer, 124 U. S., 200, 8 S. Ct., 482, 487, 31 L. Ed., 402, the United States Supreme Court said:

''The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property.

It has no jurisdiction over the prosecution, the punishment, or the pardon of crimes or misdemeanors, or over the appointment and removal of public officers. To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses, . . . is to invade the domain of the courts of common law. . . .

"Any jurisdiction over criminal matters that the English court of chancery ever had became obsolete long ago, except as incidental to its peculiar jurisdiction for the protection of infants, or under its authority to issue writs of habeas corpus for the discharge of persons unlawfully imprisoned. 2 Hale, P. C., 147; Gee v. Pritchard, 2 Swanst., 402, 413; 1 Spence, Eq. Jur., 689, 690; Attorney General v. Utica Ins. Co., 2 Johns. Ch. [N. Y.], 371, 378."

"The jurisdiction of equity being limited strictly to questions concerning civil and property rights, the courts will not in any manner interfere with the execution of judgments in criminal matters." 1 High on Injunction (4 Ed.), 147, section 124; 85, section 68, and cases cited.

"In accordance with the well established doctrine of equity denying relief by injunction in matters of a criminal nature, or affecting the criminal laws, an injunction will not be allowed to prevent the enforcement of a judgment imposing a fine and costs for violation of a criminal law of the state." 1 High on Injunctions (4 Ed.), 164, section 157; Joseph v. Burk, 46 Ind., 59.

"Courts of equity have no jurisdiction to stay or prevent the execution of a judgment in a criminal case." 32 C. J., 285, section 452.

"Collection of fine and costs, assessed for violation of a city ordinance, will not be enjoined on the ground that there was no offense charged. Schwab v. Madison, 49 Ind., 329." Note to 32 C. J., 285.

It results that we hold that the chancery court has no jurisdiction to enjoin the collection of the judgment, and this assignment of error is therefore sustained. All the other assignments of errors become immaterial, and will not be further considered. The decree is reversed, the injunction is dissolved, and the suit dismissed. The costs of the cause, including the costs of the appeal, are decreed against Windrow and the sureties on his prosecution and injunction bonds.

Faw, P. J., and DeWitt, J., concur.