IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

PENNY CAMPBELL, ET AL.,                     )
                                            )
        Plaintiffs/Appellees,               )
                                            )       Appeal No.
                                            )       01-A-01-9507-CV-00321
VS.                                         )
                                            )       Davidson Circuit
                                            )       No. 93C-1547
DON SUNDQUIST, Governor of                  )
the State of Tennessee, et al.,             )
                                            )
        Defendants/Appellants.              )

FILED

Jan. 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

**PARTIAL DISSENT**

        I respectfully dissent from part I of the majority opinion holding that the appellants have standing to maintain this action under the Declaratory Judgment Act. In my opinion this case does not involve present rights that have accrued under presently existing facts. See *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. App. 1992).

        None of the plaintiffs in this action have been prosecuted under the HPA; none of them allege that they have even been threatened with prosecution. They do allege that they fear they will be prosecuted for engaging in conduct prohibited by the Act. I do not think such allegations give the plaintiffs a special interest in the statute as opposed to the public in general. See *Parks v. Alexander*, 608 S.W.2d 881 (Tenn. App. 1980). All the complaint expresses is a fear that the plaintffs will be prosecuted if they choose to violate the Act. Every member of the public is affected in exactly the same way.

The plaintiffs' reliance on *Erwin Billiard Parlor v. Buckner*, 156 Tenn. 278, 300 S.W. 565 (1927) is misplaced. In that case the plaintiffs were the owners and operators of a legal business that would be closed by the operation of the statute in question. Their interests were different from the interests of the public at large. They had a right under presently existing facts to challenge the constitutionality of the statute.

For these reasons the State's motion to dismiss should have been granted.

## II.

On the merits of this appeal, I concur in part III of the majority opinion.

_____
BEN H. CANTRELL, JUDGE