IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 1, 2021

## DAVID T. FRAZIER v. HERBERT H. SLATERY, III, ET AL.

**Appeal from the Chancery Court for Polk County**
**No. 2019-CV-66          Jerri S. Bryant, Chancellor**
_____

### No. E2020-01216-COA-R3-CV
_____

The appellant challenges the chancery court's order dismissing his petition for a declaratory judgment enjoining the State of Tennessee Attorney General, District Attorney General for the Tenth Judicial District, and an assistant district attorney general from enforcing his 2004 criminal convictions, which the appellant claimed had resulted in an illegal sentence. The chancery court dismissed Mr. Frazier's petition because, *inter alia*, it did not have subject matter jurisdiction to adjudicate the matter. We affirm the chancery court's order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY W. ARMSTRONG, JJ., joined.

David T. Frazier, Forrest City, Arkansas, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Miranda Jones, Assistant Attorney General; and Mallory Schiller, Assistant Attorney General, for the appellees, Herbert H. Slatery, III; Stephen Crump, District Attorney General for the Tenth Judicial District; and Drew Robinson, Assistant District Attorney General for the Tenth Judicial District.

### OPINION

#### I. Factual and Procedural Background

The petitioner, David T. Frazier was arrested on December 2, 2003, for class E felony evading arrest by motor vehicle, driving on a revoked license, and simple possession of a Schedule II narcotic. He was released on bail the same day. On April 14, 2004, Mr.

Frazier was again arrested for class E felony evading arrest by motor vehicle, driving on a revoked license, and simple possession of a Schedule II narcotic. As a result of these arrests, Mr. Frazier pled guilty to two counts of class E felony evading arrest by motor vehicle on July 19, 2004, in the Polk County Criminal Court ("criminal court"). In accordance with a plea agreement, the criminal court sentenced Mr. Frazier to two years for Count I and two years for Count II. The criminal court, again in accordance with the plea agreement, ordered these sentences to be served concurrently and suspended to probation.

Over nine years later, on September 23, 2013, Mr. Frazier filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that the criminal court had lacked discretion to order concurrent sentences because he committed the second offense while released on bail for the first offense. *See* Tenn. Code Ann. § 40-20-111(b) (2021) ("In any case in which a defendant commits a felony while the defendant was released on bail . . . and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively."). The criminal court dismissed his motion on November 14, 2013.

Mr. Frazier subsequently appealed the criminal court's order to the Tennessee Court of Criminal Appeals. In an opinion entered on June 16, 2014, the Court of Criminal Appeals concluded that Mr. Frazier's Rule 36.1 motion had stated a colorable claim and remanded the matter to the criminal court for a hearing on the motion. The Court of Criminal Appeals further instructed that if Mr. Frazier were to prove that his sentence was illegal, the criminal court should then "determine if the illegal sentence was a material component of [Mr. Frazier's] plea agreement." *Frazier v. State*, No. E2013-02563-CCA-R3-CD, 2014 WL 2743243, at *2 (Tenn. Crim. App. June 16, 2014) ("*Frazier I*").

On remand, the criminal court conducted a hearing on July 21, 2014, during which Mr. Frazier's counsel announced that Mr. Frazier and the prosecutor had agreed to enter corrected judgments reflecting two one-year consecutive sentences. In turn, Mr. Frazier and the prosecutor signed an agreed order to withdraw Mr. Frazier's plea, providing in pertinent part: "David Frazier is allowed to withdraw his plea entered July 19, 2004, on the grounds the sentence was an illegal sentence and agree to a new sentence in this matter." As a result, the criminal court entered corrected judgments, changing Mr. Frazier's sentences to two one-year sentences, to be served consecutively. Mr. Frazier expressly agreed to this adjudicatory resolution, articulating in court: "As long as it's been set aside . . . and re-entered as of my conviction occurring today, then I have no problem with re-plea[d]ing to it . . . as long as it's on the record that it's been set aside . . . ."

On April 27, 2015, Mr. Frazier filed a second motion to correct an illegal sentence, pursuant to Rule 36.1, arguing that the criminal court did not follow the proper procedure in addressing his Rule 36.1 motion. The criminal court entered an order on August 20,

2015, acknowledging that Mr. Frazier's first Rule 36.1 motion had not been properly adjudicated, recognizing the "inapplicability of entering a corrected judgment," vacating the 2014 "orders and corrected judgments" as void *ab initio*, and setting Mr. Frazier's motion for an evidentiary hearing.[1] The criminal court conducted a hearing to address Mr. Frazier's second Rule 36.1 motion on December 15, 2015, and ultimately dismissed the motion by order entered on January 8, 2016.

In this order, the criminal court concluded that Mr. Frazier's sentences were illegal but that they were not a material component of his plea agreement. *See* Tenn. R. Crim. P. 36.1(c)(3)(A). The criminal court discerned that Mr. Frazier had never challenged the terms of the plea agreement or "articulate[d] why this illegality [of his sentence] would have prevented his plea agreement at the time of entry, which included an immediate release from jail to probation." The criminal court further determined that Mr. Frazier's "overriding motive as stated during testimony was his effort to have these prior state felony conviction[s] removed from his record, or re-entered subsequent to his federal conviction, to allow a collateral attack impacting his current term of incarceration in federal prison." In addition to its conclusion that the illegal concurrent sentences had not been a material component to Mr. Frazier's plea agreement, the criminal court also declined to vacate Mr. Frazier's 2004 judgments or enter corrected judgments because his sentences had already expired, rendering the matter moot. Consequently, the criminal court dismissed Mr. Frazier's motion.

Mr. Frazier appealed the order of dismissal to the Court of Criminal Appeals, which affirmed the criminal court's final judgment in its opinion entered on June 27, 2017. *State v. Frazier*, No. E2016-00006-CCA-R3-CD, 2017 WL 2782202 (Tenn. Crim. App. June 27, 2017) ("*Frazier II*"). The Court of Criminal Appeals concluded that the criminal court had not erred by dismissing Mr. Frazier's motion, quoting the Tennessee Supreme Court decision, *State v. Brown*, 479 S.W.3d 200, 210 (Tenn. 2015), in which the High Court explained: "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id.* at *2.

Mr. Frazier next sought relief from the Polk County Chancery Court ("chancery court"), filing the instant petition for declaratory judgment to enjoin the enforcement of a "void plea/contract" on November 25, 2019. On December 23, 2019, Mr. Frazier filed a motion seeking the appointment of counsel, claiming that as a federal inmate, he had limited access to state case law and could not afford an attorney. The chancery court denied

---

[1] The criminal court judge who had considered Mr. Frazier's first Rule 36.1 motion and entered the 2014 corrected judgments had retired at this point in the proceedings. A successor criminal court judge entered the August 20, 2015 order and presided over the subsequent proceedings.

his motion. Mr. Frazier renewed his request by motion filed March 4, 2020. The subsequent motion was likewise denied by order filed on March 24, 2020.

Respondents, Tennessee Attorney General Herbert H. Slatery, III; District Attorney General Stephen Crump; and Assistant District Attorney General Drew Robinson (collectively, "Respondents"), each respectively filed a motion to dismiss, pursuant to Tennessee Rules of Civil Procedure 12.02(1) and 12.02(6), asserting that (1) the State of Tennessee ("the State") was immune from suit in the matter, (2) the chancery court lacked subject matter jurisdiction, (3) Mr. Frazier's claims were barred by the doctrine of *res judicata*, and (4) Respondents were not proper parties to the suit.

On August 18, 2020, the chancery court entered an order dismissing Mr. Frazier's petition. In its order of dismissal, the chancery court determined that it did not maintain subject matter jurisdiction to adjudicate Mr. Frazier's petition. Nevertheless, the chancery court further determined that the State was immune from suit and that Mr. Frazier's claims were barred by *res judicata*. Mr. Frazier timely appealed.

## II. Issues Presented

Mr. Frazier presents the following issues for our review, which we have restated slightly as follows:

1. Whether the chancery court maintained subject matter jurisdiction to enter a declaratory judgment enjoining the enforcement of alleged void criminal judgments.

2. Whether the criminal judgments in this case may be used to enhance Mr. Frazier's sentence in another jurisdiction.

3. Whether the chancery court erred when it determined that Mr. Frazier had filed suit against the State rather than the individual parties involved with his plea agreement.

4. Whether the chancery court erred by denying Mr. Frazier's request for appointed counsel.

5. Whether the chancery court erred by leaving Mr. Frazier without a remedy.

Respondents raise the following additional issues, which we have restated slightly as follows:

- 4 -

6.	Whether the chancery court's judgment must be affirmed because Mr. Frazier has not challenged the court's ruling that his claims were barred by *res judicata*.

7.	Alternatively, whether the chancery court correctly determined that it lacked subject matter jurisdiction.

### III.  Standard of Review

We determine the threshold issue concerning the chancery court's subject matter jurisdiction, raised by Mr. Frazier and Respondents, to be dispositive of this appeal. Subject matter jurisdiction "involves a court's power to adjudicate a particular controversy brought before it." *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001).  Our Supreme Court has previously concluded that "issues regarding a court's subject matter jurisdiction should be considered as a threshold inquiry" and "should be resolved at the earliest possible opportunity." *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012).  Therefore, we should determine whether a court has subject matter jurisdiction before reaching the merits of the case. *See First Am. Trust Co.*, 59 S.W.3d at 141.

Concerning the applicable standard of review, this Court has explained:

A challenge to the court's subject matter jurisdiction calls into question the court's authority to adjudicate the controversy before it. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012).  Subject matter jurisdiction can only be conferred by the constitution or a legislative act.  *Id.*  When a party challenges a court's subject matter jurisdiction, the court must "determine the gravamen of the case and identify the source of its power to adjudicate that type of controversy." *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012).  The question of whether a court has subject matter jurisdiction over a case is a question of law, which we review de novo with no presumption of correctness.  *Id.*

*Roland Digital Media, Inc. v. City of Livingston*, No. M2018-00163-COA-R3-CV, 2019 WL 117582, at *4 (Tenn. Ct. App. Jan. 7, 2019).

Furthermore, we recognize that Mr. Frazier is a *pro se* litigant and respect his decision to proceed self-represented.  With regard to self-represented litigants, this Court has explained:

*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R. I. 1987).  Conducting a trial with a *pro se* litigant

- 5 -

who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill. App.3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Although parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). In addition, this Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* Moreover, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

We review the chancery court's refusal to appoint Mr. Frazier counsel under the abuse of discretion standard of review. Under this standard, this Court will "second-guess a trial court only when it has acted unreasonably, arbitrarily, or unconscionably." *Hodges v. Tenn. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). In addition, a trial court may abuse its discretion when it "appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Armbrister v. Armbrister*, 414 S.W.3d 685, 693 (Tenn. 2013) (quoting *Gonsewski v. Gonsewski,* 350 S.W.3d 99, 105 (Tenn. 2011)). Moreover, "[t]he reviewing court is to begin with the presumption that the trial court's decision is correct and should review the evidence in the light most favorable to the decision." *Shofner v. Mahaffey*, No. M2012-02061-COA-R3-CV, 2013 WL 5178612, at *3 (Tenn. Ct. App. Sept. 12, 2013) (citing *Amanns v. Grissom*, 333 S.W.3d 90, 98 (Tenn. Ct. App. 2010)).

IV. Chancery Court's Subject Matter Jurisdiction

Mr. Frazier specifically presents two arguments as to why the chancery court had subject matter jurisdiction to adjudicate his petition. First, Mr. Frazier contends that the chancery court maintained subject matter jurisdiction to enjoin the enforcement of his criminal judgments because the criminal court had previously determined that his sentences were illegal and, as such, his convictions were void. Therefore, according to Mr. Frazier, he was merely requesting that the trial court enjoin the enforcement of judgments that had already been declared invalid by the criminal court. Second, Mr. Frazier posits that his 2004 plea agreement constitutes a contract and that the chancery court maintains subject matter jurisdiction over issues involving contract law. After careful review, we determine Mr. Frazier's arguments to be unavailing.

Mr. Frazier contends that "the chancery court had jurisdiction to declare a[n] already void judgment void." We emphasize that subject matter jurisdiction "can only be conferred on a court by the constitution or a legislative act." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012). The Tennessee General Assembly has "vested exclusive and original jurisdiction of all criminal matters in the circuit and criminal courts of this state." *Tenn. Downs, Inc. v. William L. Gibbons*, 15 S.W.3d 843, 848 (Tenn. Ct. App. 1999). Tennessee Code Annotated § 16-10-102 (2021) provides: "The circuit court has exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute, unless otherwise expressly provided by statute or this code." In addition, Tennessee Code Annotated § 40-1-108 (2021) provides: "The circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal."

Furthermore, this Court has previously noted that "[o]ver a century ago, the Tennessee Supreme Court recognized that '[c]ourts of equity are not constituted to deal with crime and criminal proceedings.'" *Carter v. Slatery*, No. M2015-00554-COA-R3-CV, 2016 WL 1268110, at *4 (Tenn. Ct. App. Feb. 19, 2016) (quoting *J.W. Kelly & Co. v. Conner*, 123 S.W. 622, 635 (Tenn. 1909)). Ergo, this Court has repeatedly concluded that a chancery court does not have jurisdiction to determine the validity of a petitioner's criminal conviction. *See, e.g.*, *Windrow v. Stephens*, 103 S.W.2d 584, 586 (Tenn. Ct. App. 1937) ("The jurisdiction of equity being limited strictly to questions concerning civil and property rights, the courts will not in any manner interfere with the execution of judgments in criminal matters." (quoting 1 High on Injunctions (4th Ed.) 147, § 124; 85, § 68)); *Bond v. Tenn. Dep't of Corr.*, No. M2019-02299-COA-R3-CV, 2021 WL 1200091, at *4 (Tenn. Ct. App. Mar. 30, 2021) ("This Court does not have jurisdiction in this declaratory judgment proceeding to alter the Criminal Court's judgment or make any determination concerning the illegality or validity of the Criminal Court's judgment."); *Carter*, 2016 WL 1268110, at *7 ("[W]e conclude that the chancery court lacked subject matter jurisdiction to enter a declaratory judgment regarding the legality or constitutionality of the criminal judgments entered against [the petitioner]."); *Dean v. Turner*, No. W2007-00744-COA-R3-CV, 2007 WL 4404112, at *2 (Tenn. Ct. App. Dec. 18, 2007) (concluding that the validity of a criminal conviction is not within the jurisdiction of a chancery court). Upon thorough examination of the record, we determine that the gravamen of Mr. Frazier's request is a determination of the enforceability of his 2004 convictions, an adjudication that falls outside the chancery court's jurisdiction.

In his petition, Mr. Frazier ostensibly requested that the chancery court proceed as a court of last resort and vacate the 2004 judgments after he had failed to persuade the criminal court or Court of Criminal Appeals to do so. Mr. Frazier's first argument appears to be premised on his assertion that the criminal court's 2014 orders and corrected judgments voided his 2004 convictions. However, in 2016, the criminal court acted upon Mr. Frazier's second Tennessee Rule of Criminal Procedure 36.1 motion and agreed with

Mr. Frazier that the criminal court in 2014 had not followed the procedure outlined in Rule 36.1. As a result, the criminal court vacated as void *ab initio* the criminal court's 2014 orders and corrected judgments. Because the criminal court then determined that the illegality of Mr. Frazier's concurrent sentences had not been a material component of his 2004 plea agreement, and because his sentences had long ago expired, Mr. Frazier's Rule 36.1 motion was dismissed without vacation of his 2004 judgments. In fact, the criminal court explicitly chose not to vacate these judgments. The Court of Criminal Appeals affirmed the criminal court's refusal to vacate Mr. Frazier's criminal convictions. By filing the petition at issue here, Mr. Frazier, in effect, sought to have this decision reversed by the chancery court.

Therefore, contrary to Mr. Frazier's framing of this issue, the relief requested in his petition would have necessarily involved the chancery court's ruling on the validity of his 2004 criminal convictions. As the numerous cases cited above indicate, chancery courts lack subject matter jurisdiction to rule on the validity of criminal judgments.

We find the facts of *Dean* and *Carter* particularly similar to the procedural history of the present case. The petitioner in *Dean* first challenged his criminal conviction in the Court of Criminal Appeals, arguing that his initial arrest and resulting confession were unconstitutional. *Dean*, 2007 WL 4404112, at *1. The Court of Criminal Appeals affirmed his conviction, and our Supreme Court subsequently denied the petitioner's application for permission to appeal. *Id.* The trial court then denied his petition for post-conviction relief, with the Court of Criminal Appeals affirming that decision. *Id.* Lastly, the petitioner turned to the Hardeman County Chancery Court, filing a petition for habeas corpus relief and reiterating the same arguments that he had proffered on direct appeal and in his post-conviction proceedings—namely that the arrest that led to his confession and conviction had been illegal. *Id.* at *1. The chancery court dismissed the petition. *Id.*

On appeal in *Dean*, this Court concluded that the chancery court did not have subject matter jurisdiction over the habeas corpus petition. *Id.* at *2. In so concluding, this Court emphasized the equitable principle that "Chancery Court has no jurisdiction of criminal matters, and a Chancellor may not grant the writ to enquire into the restraint of prisoners or the validity of a criminal conviction." *Id.* (quoting GIBSON'S SUITS IN CHANCERY, § 1.08, n.43 (8th ed. 2004)). Therefore, this Court determined that the chancery court had no jurisdiction to "inquire into the validity of [the petitioner's] criminal conviction." *Id.* at *2.

In *Carter*, the petitioner had been convicted of two counts of first degree murder and sought habeas corpus and post-conviction relief after the Tennessee Supreme Court issued an opinion in *State v. Brown*, 836 S.W.2d 530, 543 (Tenn. 1992), in which it clarified Tennessee's first degree murder statute. *Carter*, 2016 WL 1268110, at *1. The petitioner eventually filed a petition for declaratory judgment in the Davidson County Chancery Court, arguing that he held a due process right to have *Brown* applied to his case and to

have his convictions vacated. *Id.* at \*2. The chancery court dismissed his petition on the basis of collateral estoppel. *Id.*

On appeal in *Carter*, this Court affirmed the chancery court's dismissal of the petition for declaratory judgment, although this Court based its ruling on a lack of subject matter jurisdiction rather than collateral estoppel. *Id.* at \*3. While noting that chancery courts maintain subject matter jurisdiction to rule on petitions for declaratory judgment, this Court explained:

> [I]n Tennessee, our supreme court has held that "the Declaratory Judgment Act has not given the courts jurisdiction over any controversy that would not be within their jurisdiction if affirmative relief were being sought." *Hill* [*v. Beeler*], 286 S.W.2d [868,] 871 [(Tenn. 1956)]. Simply put, "the Declaratory Judgment Act does not confer an independent basis for jurisdiction." *Batts v. Lack*, No. 86-147-II, 1986 WL 13040, at \*3 (Tenn. Ct. App. Nov. 21, 1986) (citing *Hill*, 286 S.W.2d at 871). Consequently, the Tennessee Supreme Court has held that "[a] declaratory judgment is proper in chancery, but only if chancery originally could have entertained a suit of the same subject matter." *Zirkle* [*v. City of Kingston*], 396 S.W.2d [356,] 363 [(Tenn. 1965)] (citing *Gibson, Suits in Chancery* § 36, n.62 (5th ed.1955)). In *Zirkle*, for instance, the supreme court concluded that the chancery court did not have jurisdiction over any of the theories alleged in the complainants' suit, and therefore, it could not "take jurisdiction to enter a declaratory judgment." *Id.*

*Id.* at \*6. Thus, inasmuch as chancery courts do not have requisite jurisdiction concerning the validity of criminal convictions, the *Carter* Court concluded "that the chancery court lacked subject matter jurisdiction to enter a declaratory judgment regarding the legality or constitutionality of the criminal judgments entered against [the petitioner]." *Id.* at \*7.

Similar to the petitions in *Dean* and *Carter*, Mr. Frazier's petition essentially approached the chancery court for appellate review of the validity of his 2004 convictions, relief the Court of Criminal Appeals had previously declined to grant. Mr. Frazier contends that the chancery court could act within its jurisdiction by enjoining Respondents from enforcing judgments that the criminal court had vacated in 2014 while he also appears to argue that the criminal court in 2016 had erred in reversing its 2014 decision. Mr. Frazier fails to acknowledge, however, that the Court of Criminal Appeals affirmed the criminal court's 2016 decision based on the principle that Rule 36.1 does not authorize the correction of expired illegal sentences. The merits of the Court of Criminal Appeal's decision are beyond the scope of the chancery court's subject matter jurisdiction. As such, Mr. Frazier's argument that the chancery court had subject matter jurisdiction to alter the Court of Criminal Appeal's decision under the guise of a declaratory judgment enjoining the enforcement of previously vacated judgments is unavailing.

We are also unpersuaded by Mr. Frazier's postulate that inasmuch as a plea agreement is a contract, the chancery court acquired subject matter jurisdiction to enjoin the enforcement of his 2004 plea agreement. Although Mr. Frazier is correct that this Court has treated plea agreements as contracts, "contract principles extend only so far." *See McConnell v. State*, 12 S.W.3d 795, 799 (Tenn. 2000). Concerning plea agreements, this Court has previously stated:

> Plea bargain agreements play a significant role in today's criminal justice system. Since they affect fundamental rights, the courts treat them as contracts. *State v. Howington*, App. No. 01-S-01-9407-CC-00073, slip op. at 9, 20 T.A.M. 42-1 (Tenn. Oct. 9, 1995) slip op. at 9, 20 T.A.M. 42-1 (Tenn. Oct. 9, 1995) (Opinion designated "For Publication"). Plea bargain agreements become binding on the parties once they are approved by the trial court. *State v. Todd*, 654 S.W.2d 379, 382 (Tenn. 1983); *Parham v. State*, 885 S.W.2d 375, 382 (Tenn. Crim. App. 1994). Thus, prosecutorial promises made in return for a plea bargain agreement must be fulfilled once the court approves the agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499 (1971).

> If plea bargain agreements are enforceable contracts, prisoners who enter into them should be able to seek judicial redress if the State breaches the contract. This relief includes setting the agreement aside or seeking judicial enforcement of the agreement. These actions are governed by applicable statutory law and general contract principles.

*Totty v. Tenn. Dep't of Corr.*, No. 01-A-01-9504-CV-0013, 1995 WL 700205, at *2 (Tenn. Ct. App. Nov. 29, 1995).

Notwithstanding, the Court of Criminal Appeals has previously determined that "a petitioner cannot use contract principles to invalidate a judgment of conviction" and that "a judgment of conviction is not a contract." *Brown v. State*, 928 S.W.2d 453, 456-57 (Tenn. Crim. App. 1996). As we have previously concluded, Mr. Frazier's remedy sought would necessarily involve the chancery court's ruling on the validity of his 2004 convictions, a question outside the purview of its subject matter jurisdiction. The criminal court already determined that the illegality of Mr. Frazier's sentences was not a material component of the plea agreement and that as a result, the illegality did not afford Mr. Frazier an opportunity to withdraw his 2004 plea. Under Rule 36.1, whether a criminal defendant should have the opportunity to withdraw his plea as the result of the illegality of his sentence is a question for the sentencing court, not a chancery court. *See* Tenn. R. Crim. P. 36.1(a)(1) ("Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered."). Moreover, we emphasize that the Court of Criminal Appeals affirmed the criminal court's decision to dismiss Mr. Frazier's second Rule 36.1 motion

and declined to vacate his criminal convictions because his sentences had expired. Therefore, the chancery court properly concluded that it did not maintain subject matter jurisdiction over the matter presented by Mr. Frazier's petition.

## V. Remaining Issues

Concerning Mr. Frazier's claim that the chancery court erred by denying his requests for appointed counsel, we conclude that the chancery court did not abuse its discretion by denying these requests. *See Mhlanga v. State*, No. E2020-01411-COA-R3-CV, 2021 WL 2172083, at *3 (Tenn. Ct. App. May 27, 2021) (addressing the petitioner's lack of counsel after determining that the trial court had properly dismissed his petition for lack of subject matter jurisdiction). Indigent civil litigants do not possess a constitutional or statutory right to appointed counsel. *Bell v. Todd*, 206 S.W.3d 86, 92 (Tenn. Ct. App. 2005). Furthermore, "the decision to appoint counsel is well within the discretion of the trial court and may only be overturned upon a showing of an abuse of discretion." *White v. Bacon*, No. M2004-02110-COA-R3-CV, 2006 WL 211810, at *4 (Tenn. Ct. App. Jan. 26, 2006). As Respondents emphasize in their appellate brief, this Court has previously affirmed a trial court's refusal to appoint counsel when the indigent litigant was housed in a penitentiary without a law library. *Id.* at *4. Therefore, we cannot conclude that the trial court abused its discretion by denying Mr. Frazier's motions requesting appointed counsel.

Having determined that the chancery court lacked subject matter jurisdiction to consider Mr. Frazier's petition and properly dismissed Mr. Frazier's petition on this ground, we further determine that the remaining issues raised on appeal are pretermitted as moot.

## VI. Conclusion

For the foregoing reasons, we affirm the judgment of the chancery court dismissing Mr. Frazier's petition for lack of subject matter jurisdiction. We remand this case for collection of costs below. Costs on appeal are taxed to the appellant, David T. Frazier.

s/ Thomas R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE