# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 10, 2005 Session

# CLINTON BOOKS, INC. v. CITY OF MEMPHIS

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. CT-007680-01    Robert A. Lanier, Judge**

---

**No. W2003-01300-SC-R11-CV - Filed April 25, 2006**

---

This appeal relates to the plaintiffs' challenge to the constitutionality of Tennessee Code Annotated section 7-51-1402 (1998), which regulates the hours during which adult-oriented establishments may remain open and, if violated, results in criminal penalties. We must determine 1) whether the trial court had jurisdiction to issue a temporary injunction barring enforcement of the statute; and 2) whether the trial court erred in consolidating the request for injunctive relief with the declaratory judgment action and addressing the constitutionality of the statute. We conclude that the trial court lacked jurisdiction to grant injunctive relief. Furthermore, the trial court erred in addressing the constitutionality of the statute without providing notice to the parties that the court was consolidating the action for injunctive relief with the declaratory judgment action. Accordingly, we affirm the judgment of the Court of Appeals and remand the case to the trial court for a trial on the merits of the declaratory judgment action.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed; Remanded to the Trial Court.**

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and CORNELIA A. CLARK, JJ., joined.

Michael F. Pleasants, Memphis, Tennessee, for the Appellant-Plaintiff, Clinton Books, Inc.

Bradley J. Shafer and Edward M. Bearman, Memphis, Tennessee, for the Appellant-Intervenor, Fantasy Warehouse, Inc.

Steven D. Townsdin, Memphis, Tennessee, for the Appellee-Defendant, City of Memphis.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Steven Ashley Hart, Assistant District Attorney General, for the Appellee-Intervenor, State of Tennessee.

**OPINION**

The plaintiff, Clinton Books, Inc. ("Clinton Books"), and the intervening plaintiff, Fantasy Warehouse, Inc. ("Fantasy Warehouse") (collectively "the plaintiffs"), operate adult-oriented businesses trading in sexually-oriented books, magazines, and videos in Memphis, Tennessee. In August 2001, the Memphis Police Department cited employees of both Clinton Books and Fantasy Warehouse for violating Tennessee Code Annotated section 7-51-1402 (1998).

Section 7-51-1402(a) requires adult-oriented establishments to remain closed from 12:00 a.m. until 8:00 a.m. Monday through Saturday and on Sundays and legal holidays. The first violation of the statute is a Class B misdemeanor punishable by a $500.00 fine. Tenn. Code Ann. § 7-51-1404 (1998). Any subsequent violation is a Class A misdemeanor. Id.

Prior to the enactment of section 7-51-1402 in 1995 and until the plaintiffs' employees received criminal citations in August 2001, the plaintiffs' businesses essentially operated twenty-four hours per day. Since August 2001, the plaintiffs have complied with the statute and have closed their stores during the required times. Profits for the businesses have declined as a result.

On December 27, 2001, Clinton Books filed an action for a declaratory judgment in the Shelby County Circuit Court challenging the constitutionality of Tennessee Code Annotated section 7-51-1402 under the Tennessee Constitution.[1] Clinton Books also sought an injunction against the City of Memphis to prevent the enforcement of the statute pending the trial court's determination of the declaratory judgment action.[2] In addition to the intervention of Fantasy Warehouse as a plaintiff, the trial court permitted the Attorney General of the State of Tennessee to intervene as a defendant for the purpose of defending the constitutionality of the statute and added the Shelby County District Attorney General as a defendant.

Following a hearing, the trial court found that it was without jurisdiction to grant injunctive relief and upheld the constitutionality of the statute. The Court of Appeals agreed that the trial court lacked jurisdiction to enter an injunction. The Court of Appeals concluded, however, that the trial court erred in ruling on the merits of the plaintiffs' constitutional claims.

We granted review.

---

[1] Specifically, the plaintiffs challenged the statute pursuant to the freedom of worship provision of Article I, section 3, the freedom of speech provision of Article I, section 19, and the equal protection provisions of Article I, section 8 and Article XI, section 8.

[2] Rule 65.04(2) of the Tennessee Rules of Civil Procedure provides:

A temporary injunction may be granted during the pendency of an action if it is clearly shown by verified complaint, affidavit or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual.

# ANALYSIS

## A. Jurisdiction to Enjoin Enforcement of the Statute

We first turn to the defendants' contention that the trial court lacked jurisdiction to issue a temporary injunction enjoining enforcement of Tennessee Code Annotated section 7-51-1402. The long-standing rule in Tennessee is that state courts of equity lack jurisdiction to enjoin the enforcement of a criminal statute that is alleged to be unconstitutional. See, e.g., Alexander v. Elkins, 179 S.W. 310, 311 (Tenn. 1915); J. W. Kelly & Co. v. Conner, 123 S.W. 622, 637 (Tenn. 1909). A lawsuit seeking injunctive relief due to an allegedly invalid criminal statute asks the chancery court, rather than the court that will enforce the criminal law, to enjoin the officers of the state from prosecuting persons who are conducting a business made unlawful by a criminal statute until the chancery court can determine the statute's validity. J. W. Kelly & Co., 123 S.W. at 631. Permitting a court of equity to interfere with the administration of this state's criminal laws, which that court is without jurisdiction to enforce, would cause confusion in the preservation of peace and order and the enforcement of the State's general police power. Id. at 637.

Contrary to the plaintiffs' contentions, this Court's recent decisions in Planned Parenthood of Middle Tenn. v. Sundquist, 38 S.W.3d 1 (Tenn. 2000), and Davis-Kidd Booksellers, Inc. v. McWherter, 866 S.W.2d 520 (Tenn. 1993), have not altered this rule. The plaintiffs in these cases sought injunctive and declaratory relief challenging the constitutionality of statutes that provided for the imposition of criminal penalties if violated. In both cases, this Court addressed the constitutionality of the statutes without addressing the trial court's jurisdiction to grant injunctive relief. Planned Parenthood, 38 S.W.3d at 7-25; Davis-Kidd Booksellers, Inc., 866 S.W.2d at 523-33. We have recognized that "'stare decisis only applies with reference to decisions directly upon the point in controversy.'" Staggs v. Herff Motor Co., 390 S.W.2d 245, 248 (Tenn. 1965) (quoting State ex rel. Pitts v. Nashville Baseball Club, 154 S.W. 1151, 1155 (Tenn. 1912)). Accordingly, the omission of any discussion of the trial court's jurisdiction in Planned Parenthood and Davis-Kidd should not be interpreted as altering the general rule prohibiting state equity courts from enjoining enforcement of a criminal statute.

In Planned Parenthood, we held that the statutes at issue in that case were unconstitutional and remanded the case to the trial court for entry of a permanent injunction enjoining enforcement of the statutes. 38 S.W.3d at 25. Courts of equity, however, may enjoin the enforcement of a criminal statute that this Court has adjudged unconstitutional. Alexander,179 S.W. at 311; also Planned Parenthood, 38 S.W.3d at 15 (holding that with regard to the Tennessee Constitution, we are the court of last resort, subject to the qualification that we refrain from impinging upon the minimum level of protection established by the United States Supreme Court's interpretations of the federal constitution). Once we have concluded that a criminal statute is unconstitutional, a person is not subject to criminal prosecution for acts committed in violation of the statute. Alexander, 179 S.W. at 311-12. Therefore, once this Court has concluded that a criminal statute is unconstitutional, no controversies are required to be settled by a criminal court, and the equity court is not invading the criminal court's jurisdiction by issuing an injunction. Id. In contrast to the statute in Planned

Parenthood, this Court has not addressed the constitutionality of Tennessee Code Annotated section 7-51-1402.[3]

In seeking to enjoin the criminal statute in this case, the plaintiffs sought injunctive relief in the Shelby County Circuit Court. Tennessee Code Annotated section 16-10-111 (1994) provides that a circuit court may hear and determine a suit of an equitable nature "upon the principles of a court of equity, with power to order and take all proper accounts, and otherwise to perform the functions of a chancery court." A circuit court also has original jurisdiction over all criminal offenses. Tenn. Code Ann. § 16-10-102 (1994). In Shelby County, however, the criminal courts are separate from the circuit courts, and the circuit courts do not hear criminal matters. See Flynn v. State, 313 S.W.2d 248, 249-50 (Tenn. 1958) (discussing the history of the creation of separate criminal courts in Shelby County). When the plaintiffs sought an injunction in the Shelby County Circuit Court against the enforcement of Tennessee Code Annotated section 7-51-1402, the plaintiffs were requesting that the circuit court, acting as a court of equity, enjoin enforcement of a criminal statute. Accordingly, the general rule that courts of equity lack jurisdiction to enjoin enforcement of a criminal statute that is alleged to be unconstitutional equally applies to the Shelby County Circuit Court under the circumstances of this case.

The general rule that a court of equity may not enjoin enforcement of a criminal statute, however, is not without exceptions. A court of equity may enjoin threatened criminal proceedings based upon allegedly invalid statutes that injuriously affect property rights when injunction is necessary to protect the equity court's jurisdiction over the property. J. W. Kelly & Co., 123 S.W. at 630. The equity court must have jurisdiction over the property itself based upon an acknowledged ground of equity jurisdiction. Id. Furthermore, the injunction must be merely incidental and ancillary to preserve the equity jurisdiction and make it effective. Id. In determining whether the property exception applies, we must consider the complexity of the plaintiffs' defense and any injury that would result if the plaintiffs were forced to offer the defense during criminal proceedings rather than in a court of equity. See id. at 633, 637. We also must consider whether the equity court's failure to exercise jurisdiction and issue an injunction would result in irreparable injury or loss to the property. See id.

The plaintiffs contend that the trial court has equitable jurisdiction over their businesses and their business property based upon Tennessee Code Annotated section 29-14-103 (2000) of the Declaratory Judgment Act. Section 29-14-103 provides that "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." While this section provides a court with the power to determine the validity of a statute, it does not grant jurisdiction over the property affected by the statute to a court of equity. This Court has declined to recognize an equity court's jurisdiction to enjoin the

---

[3] The United States Court of Appeals for the Sixth Circuit has held that Tennessee Code Annotated section 7-51-1401, *et. seq.* satisfies the First Amendment and equal protection provisions of the United States Constitution. See Richland Bookmart, Inc. v. Nichols, 278 F.3d 570, 578 (6th Cir. 2002); Richland Bookmart, Inc. v. Nichols, 137 F.3d 435, 441 (6th Cir. 1998).

enforcement of a penal statute or ordinance that may affect a plaintiff's property rights when the plaintiff also has sought a declaratory judgment regarding the constitutionality of the statute or ordinance. See, e.g., Kirk v. Olgiati, 308 S.W.2d 471, 473 (Tenn. 1957) (Sunday closing ordinance); McHugh v. Mayor & Alderman of Morristown, 208 S.W.2d 1021, 1022 (Tenn. 1948) (ordinance regulating the storage, transportation, and possession of beer).

Furthermore, the issue of the validity of the statute is not so complex that it cannot be resolved by a court with criminal jurisdiction if raised as a defense in a criminal action brought against the plaintiffs or their employees. See J. W. Kelly & Co., 123 S.W. at 394. Criminal proceedings already have been instituted against the plaintiffs' employees for violation of Tennessee Code Annotated section 7-51-1402. If the law is as the plaintiffs claim, the statute will be held to be invalid, and the criminal court will dismiss the prosecution. If the statute is valid and applicable under the circumstances, the plaintiffs' employees will be properly convicted if the evidence establishes beyond a reasonable doubt that the plaintiffs' employees violated the statute. We refuse to presume that the State will harass the plaintiffs and their employees by continuing to prosecute them under the statute if the statute is found to be invalid or inapplicable during the first prosecution brought to trial. We shall presume that officers of the State "will not use their official authority to vex or oppress citizens, and such unlawful conduct will not be anticipated." Id.

The record does not indicate that the plaintiffs would suffer irreparable injury or loss of their property if the trial court is without power to issue the injunction. The plaintiffs have not presented evidence demonstrating that absent the injunction, the value of their property will be destroyed or the property will deteriorate. See id. The proof presented by the plaintiffs establishes only that the restrictions on the hours and days during which their businesses may be open has resulted in a loss of revenue. Such loss may be recoverable in the form of money damages in the declaratory judgment action.

We conclude, therefore, that the property exception does not apply under the circumstances of this case. The trial court properly found that it lacked jurisdiction to enjoin the enforcement of Tennessee Code Annotated section 7-51-1402.

**B. Consolidation Pursuant to Rule 65.04(7) of the Tennessee Rules of Civil Procedure**

In finding that it lacked jurisdiction to grant the temporary injunction, the trial court further concluded that Tennessee Code Annotated section 7-51-1402 (1998) was valid under the Tennessee Constitution. The trial court's ruling on the constitutionality of the statute effectively resolved the issue presented in the declaratory judgment action.

Rule 65.04(7) of the Tennessee Rules of Civil Procedure permits a trial court to consolidate a preliminary injunction hearing with the trial of the action on the merits. Rule 65.04(7) provides in pertinent part:

> Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced

and consolidated with the hearing of the application. . . . This subdivision [65.04(7)] shall be so construed and applied as to save the parties any rights they may have to trial by a jury.

The United States Supreme Court has examined the identical language of Rule 65(a)(2) of the Federal Rules of Civil Procedure. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Federal case law interpreting rules similar to those adopted in this state are persuasive authority for purposes of construing the Tennessee rule. Harris v. Chern, 33 S.W.3d 741, 745 n.2 (Tenn. 2000). The Supreme Court has held that before a trial court may issue an order of consolidation the court must provide the parties with "'clear and unambiguous notice . . . either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.'" Univ. of Texas, 451 U.S. at 395 (quoting Pughsley v. 3750 Lake Shore Drive Coop. Bldg., 463 F.2d 1055, 1057 (7th Cir. 1972)). Similar to those courts construing the federal rule, we conclude that a court must provide the parties with notice before issuing an order of consolidation in accordance with Rule 65.04(7) of the Tennessee Rules of Civil Procedure.

The trial court in the present case did not order consolidation or provide notice to the parties of its intent to consolidate the hearings. Throughout the hearing, the parties emphasized that the hearing involved only the temporary injunction and that they wished to address the request for a declaratory judgment at a later date. The parties were not advised that the trial court had consolidated the hearings until the trial court issued its order finding that the statute met Tennessee constitutional standards. The trial court, therefore, failed to comply with Rule 65.04(7) of the Tennessee Rules of Civil Procedure. Accordingly, the trial court erred in addressing at that time the constitutionality of Tennessee Code Annotated section 7-51-1402. We remand the case to the trial court for a hearing on the merits with regard to the declaratory judgment action.

## CONCLUSION

We conclude that the trial court did not have jurisdiction to enjoin enforcement of Tennessee Code Annotated section 7-51-1402 (1998). We further conclude that the trial court failed to provide the parties with proper notice that it was consolidating the action for injunctive relief with the declaratory judgment action and, therefore, erred in ruling upon the constitutionality of the statute. Accordingly, we affirm the judgment of the Court of Appeals and remand the case to the trial court for a hearing on the merits with regard to the declaratory judgment action.

Costs of appeal are taxed to the appellants, Clinton Books, Inc. and Fantasy Warehouse, Inc., and their sureties, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE