IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 26, 2011 Session

## DAVID SCOTT BLACKWELL v. BILL HASLAM, GOVERNOR OF THE STATE OF TENNESSEE ET AL.

Appeal from the Chancery Court for Davidson County
No. 100739-III     Ellen Hobbs Lyle, Chancellor

No. M2011-00588-COA-R3-CV - Filed January 11, 2012

This is a declaratory judgment action filed pursuant to Tennessee Code Annotated § 29-14-102. The petitioner, who was convicted of three felony drug offenses in Georgia, was granted a full pardon by the State of Georgia that expressly restored his right to possess a firearm, now resides in Tennessee and desires to purchase and possess firearms. Tennessee Code Annotated § 39-17-1307(b)(1)(B) makes it a Class E felony offense for a person, who has been "convicted of a felony involving the use or attempted use of force, violence or a deadly weapon" or who has been "convicted of a felony drug offense," to possess a firearm in Tennessee. Therefore, Petitioner filed this action seeking a declaration that he would not be in violation of Tennessee Code Annotated § 39-17-1307(b)(1)(B) by purchasing or possessing a firearm in Tennessee. The State of Tennessee responded to the petition by filing a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(1) for lack of subject matter jurisdiction and a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief could be granted under the Full Faith and Credit Clause, the Due Process Clause of the Second and Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Privileges and Immunities Clause of Article IV, the Second Amendment, and article I, section 26 of the Tennessee Constitution. The chancery court ruled that it had subject matter jurisdiction and denied the State's Rule 12.02(1); however, the chancery court granted the State's Rule 12.02(6) motion finding that the petitioner failed to state a claim upon which relief could be granted. On appeal, the petitioner challenges Tennessee Code Annotated § 39-17-1307(b)(1)(B) as applied to him under the Second Amendment to the United States Constitution; article I, section 26 of the Tennessee Constitution, the Privileges and Immunities Clause, the Equal Protection Clause, and the Full Faith and Credit Clause. The State raises one issue on appeal, asserting that the chancery court did not have subject matter jurisdiction and the appeal should be dismissed for that reason. We affirm the chancery court's finding that it has subject matter jurisdiction. As for the decision to dismiss the complaint for failure to state a claim upon which relief can be

granted pursuant to Tenn. R. Civ. P. 12.02(6), we have determined that the complaint for declaratory relief states facts sufficient to demonstrate the existence of an actual controversy concerning the matter at issue; therefore, the chancery court erred by granting the State's motion pursuant to Rule 12.02(6) instead of rendering a declaratory judgment as the facts and law require. Accordingly, the complaint for declaratory relief is reinstated and this case is remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

David L. Raybin and Benjamin K. Raybin, Nashville, Tennessee, for the appellant, David Scott Blackwell.

Robert E. Cooper, Jr., Attorney General & Reporter; Joseph F. Whalen, Associate Solicitor General; and Frank Borger-Gilligan, Assistant Attorney General, for the appellee, Bill Haslam, Governor of the State of Tennessee, Robert E. Cooper, Jr., Tennessee Attorney General, Victor S. Torry Johnson III, District Attorney of Davidson County, Tennessee, Kim R. Helper, District Attorney of Williamson County, Tennessee, and the State of Tennessee.

Ronald D. Krelstein, Germantown, Tennessee, for the Amicus Curiae, Tennessee Firearms Association, Inc.

## OPINION

David Scott Blackwell, (hereinafter "Petitioner"), was convicted of three felony drug offenses in the State of Georgia in 1989 and sentenced to nine years of incarceration, serving five years in prison and four years on probation. In 2003, Petitioner received a full pardon from the Georgia Board of Pardons and Paroles, which is the entity entitled to grant pardons under the Georgia Constitution. The pardon expressly provided that Petitioner's firearm rights were restored.

When Petitioner moved to Tennessee, he learned that Tennessee Code Annotated § 39-17-1307(b)(1)(B) makes it a Class E felony for a person, who has been "convicted of a felony involving the use or attempted use of force, violence or a deadly weapon" or who has been "convicted of a felony drug offense," to possess a firearm as that term is defined in

Tennessee Code Annotated § 39-11-106.[1] In order to determine if his Georgia pardon exempted him from the application of Tennessee Code Annotated § 39-17-1307(b)(1)(B), and to avoid the risk of being charged with a felony should he possess a firearm in Tennessee, Petitioner asked his state representative to request a written opinion of the Attorney General of Tennessee concerning the right of a Tennessee resident who had received a full pardon of felony drug offenses in another state to purchase and possess a firearm in Tennessee. On October 29, 2009, the Attorney General issued an opinion that Tennessee Code Annotated § 39-17-1307(b)(1)(B) (2007) prohibited a person convicted of a felony drug offense from possessing a handgun, including a pardoned out-of-state felon.[2]

On April 29, 2010, Petitioner filed a Verified Complaint in the Chancery Court for Davidson County seeking a declaration that Tennessee law governing the possession of firearms as applied to him was in violation of the United States and Tennessee Constitutions and that he may lawfully purchase and possess firearms and handguns in the State of Tennessee. The complaint named the Governor, the Tennessee Attorney General, and the State of Tennessee as defendants in the action. On July 13, 2010, the defendants filed a Motion to Dismiss pursuant to Tenn. R. Civ. P. 12.02(1) for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted pursuant to Tenn. R. Civ. P. 12.02(6). An amended motion to dismiss was filed on September 28, 2010. Petitioner subsequently amended his complaint on September 29, 2010, by adding two additional defendants, the Davidson County District Attorney General and the Williamson County District Attorney General (hereinafter, we refer to the defendants collectively as "the State"); however, the motions to dismiss were not withdrawn and were subsequently heard.

Following a hearing on the State's motions, the chancery court denied the State's Rule 12.02(1) motion to dismiss for lack of subject matter jurisdiction; however, the court granted the State's Rule 12.02(6) motion to dismiss the Complaint for failure to state a claim upon

---

[1]Tennessee Code Annotated § 39-11-106(11) defines a firearm as "any weapon designed, made or adapted to expel a projectile by the action of an explosive or any device readily convertible to that use."

[2]It should be noted that the Attorney General opinion requested by Petitioner's state representative and referenced by the parties and the trial court, which was dated October 20, 2009, analyzed the issue under Tennessee Code Annotated § 39-17-1307(b)(1) as it read prior to a 2008 amendment. *See* Tenn. Op. Atty. Gen. No. 09-168 (Oct. 20, 2009). The previous version of the statute prohibited the possession of "handguns." Tennessee Code Annotated § 39-17-1307(b)(1) was amended effective July 1, 2008, and the amendment replaced the term "handgun" with "firearm." *See* 2008 Tenn. Pub. Acts 1044-1045. Thus, the statute as amended in 2008 should have been the subject of the Attorney General's 2009 Opinion, not the prior version.

which relief could be granted under the Full Faith and Credit Clause, the Due Process Clause of the Second and Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Privileges and Immunities Clause of Article IV of the Constitution.

On December 7, 2010, Petitioner filed a Motion to Alter or Amend Judgment contending that the order failed to address the claims asserted against the two district attorney generals and failed to address the state constitutional claims. On March 3, 2010, the chancery court issued an order amending its previous order to include the district attorney generals; the court also ruled that Petitioner failed to state a claim upon which relief could be granted as it pertained to Petitioner's claim for relief pursuant to article I, section 26 of the Tennessee Constitution. As a result, all of Petitioner's claims for a declaratory judgment were dismissed pursuant to Tenn. R. Civ. P. 12.02(1) and (6). This appeal followed.

We begin our analysis by addressing the State's sole issue on appeal, that of subject matter jurisdiction.

## ANALYSIS

### I.
#### SUBJECT MATTER JURISDICTION

In its Tennessee Rule of Civil Procedure 12.02(1) motion to dismiss, the State argued that the chancery court lacked subject matter jurisdiction to preside over this action. The chancery court ruled that it had subject matter jurisdiction, citing *Clinton Books, Inc. v. City of Memphis*, 197 S.W.3d 749 (Tenn. 2006), which the court read to permit chancery courts to rule on the constitutionality of criminal statutes, although the court lacked jurisdiction to enjoin enforcement of a criminal statute.

The State asserts that the chancery court lacked subject matter jurisdiction because a court may only entertain an action for declaratory relief if the court could have entertained an original action based upon the same subject matter, relying on our Supreme Court's ruling in *Zirkle v. City of Kingston*, 396 S.W.2d 356, 363 (Tenn. 1965). As the chancery courts of Tennessee do not have original jurisdiction over criminal cases,[3] the State argues that the Chancery Court of Davidson County did not have subject matter jurisdiction to render a declaratory judgment concerning the application of a criminal statute. We have concluded that the chancery court has subject matter jurisdiction over the petition for declaratory relief

---

[3]Tennessee Code Annotated § 16-10-102 confers exclusive jurisdiction over criminal cases upon the circuit courts, except in counties which have established criminal courts, in which case, exclusive jurisdiction of criminal matters rests with the criminal courts.

on the constitutionality of Tennessee Code Annotated § 39-17-1307(b)(1)(B) as applied to the Petitioner.

Before we examine the *Zirkle* decision relied upon by the State in support of their argument, we find it pertinent to discuss the Tennessee Supreme Court's decision in *Erwin Billiard Parlor v. Buckner*, 300 S.W. 565 (Tenn. 1927), which also dealt with the issue of jurisdiction over a declaratory judgment action. The petitioners in *Buckner*, owners of a billiard parlor, filed suit against the sheriff of Unicoi County, foreman of the grand jury, and the district attorney general, under the provisions of the then Declaratory Judgments Law, seeking a declaration that chapter 104 of the 1925 Private Acts of the State of Tennessee, as amended by chapter 290 of the 1925 Private Acts, which made it unlawful to operate "pool and billiard rooms for profit and pay in counties of the state having a population of not less than 10,115, nor more than 10,125, by the federal census of 1920, or any subsequent federal census," was unconstitutional.[4] *Id.* at 565-66.

In the complaint, then referred to as the "bill," the plaintiffs stated they were:

[E]ngaged in the operation of pool and billiard rooms for pay and profit, in Unicoi county, the population of which county brings it within the application of said statute, and that complainants have made investments of money in their said business, so that their property rights would be destroyed by the enforcement of the statute.

*Id*. at 566. The complaint further stated that the plaintiffs "had been served with notice by the sheriff that he would procure warrants against them and close their places of business and continue to prosecute them for every separate offense committed by them contrary to the provisions of said statute, etc." *Id*. The chancellor dismissed the bill on demurrer, and the plaintiffs appealed.

The Supreme Court reversed the dismissal of the bill on demurrer relying in part on *Lindsey v. Drane*, 285 S. W. 705 (Tenn. 1926). The Supreme Court noted that *Lindsey* "entertained the bill of the complainants filed against the District Attorney General for a declaratory judgment as to the constitutionality of a statute, penal in its nature, affecting the property rights of the complainants." *Id.* at 566. The court did, however, note that the jurisdiction of the chancery court to render the declaratory judgment had not been challenged in *Lindsey*. Nevertheless, the court went on to state: "This court is committed to a liberal interpretation of the Declaratory Judgments Act so as to make it of real service to the people

---

[4]The complaint stated that Unicoi County had the requisite population at that time to come under the purview of the act. *Buckner*, 300 S.W. at 565.

and to the profession." *Id.* (quoting *Hodges v. Hamblen County*, 277 S. W. 901 (Tenn. 1925)).

Upon the Supreme Court's determination in *Buckner* that the plaintiffs had sufficiently established in the complaint that "they have a special interest in the question of the constitutionality of the penal statute described in the bill, distinct from the interest of the public generally, in that their investment and property rights will be directly affected and injured by its enforcement," the court held that the plaintiffs were entitled to:

> Maintain an action for the determination of the proper construction or constitutionality of such a statute, under the provisions of the Declaratory Judgments Law, and the bill in the present cause was properly filed against the sheriff, in view of the averment of the bill that the sheriff had given notice of his intention to proceed against complainants.

*Id.* The court noted however that the jurisdiction of the chancery court "did not include the power to issue an *injunction* against officers of the state or county charged with the enforcement of penal laws." *Id.* (citing *Lindsey,* 285 S. W. 705) (emphasis added). The court therefore reversed the chancery court's dismissal of the complaint and ordered that "a decree be entered in this court declaring the said chapter 104 of the Private Acts of 1925 and its amendatory act unconstitutional and void, in accordance with the prayer of the bill, but the injunctive relief sought will be denied." *Id.* at 567.

In *Zirkle*, the decision relied upon by the State, the plaintiffs sought an injunction to restrain the defendant from trespassing on property and maintaining sewer and water lines, a declaration of rights as to the sewer and water lines, and an award of damages for conversion under the theories of unjust enrichment or quasi-contract. *Zirkle*, 396 S.W.2d at 358. When the Chancery Court for Roane County sustained the defendant's demurrer, the plaintiffs appealed. *Id*. at 359. In the 1965 opinion, the court determined that "the complaint stated no cause of action of which equity had jurisdiction, nor did it state a case of inherent jurisdiction, and since there was an adequate remedy at law the demurrer was properly sustained." *Id* at 356. The only paragraph in *Zirkle* in which the court addressed the issue of jurisdiction stated:

> Finally, complainants claim chancery jurisdiction because they seek a declaration of rights. Apparently, the gist of this prayer is that they seek a declaratory judgment, as authorized by T.C.A. § 23–1102. A declaratory judgment is proper in chancery, but only if chancery originally could have entertained a suit of the same subject matter. Gibson, Suits in Chancery § 36, n. 62 (5th ed. 1955). Since chancery does not have jurisdiction of the

complainants' suit under any of their theories – injunction, unjust enrichment, conversion – it cannot take jurisdiction to enter a declaratory judgment.

*Id.* at 363.

We acknowledge, as the State asserts, that the Supreme Court has not explicitly overruled *Zirkle*; nevertheless, we find that the court has clearly departed from the unequivocal declaration in the foregoing paragraph in at least two cases: *Davis-Kidd Booksellers, Inc. v. McWherter*, 866 S.W.2d 520 (Tenn. 1993) and *Clinton Books, Inc. v. City of Memphis*, 197 S.W.3d 749 (Tenn. 2006).[5] Therefore, contrary to the State's insistence, we find it appropriate to not only consider, but to rely upon the Supreme Court's subsequent determinations that, at least in some cases and with some limitations, the chancery court has subject matter jurisdiction to rule upon declaratory judgment actions as they pertain to the application of criminal sanctions to petitioners. The Supreme Court's decisions in *Davis-Kidd* and *Clinton Books*, pertained to actions for declaratory relief concerning statutes that assessed criminal penalties for violations thereof, and in none of these cases did the court find that the chancery court lacked subject matter jurisdiction.

In *Davis-Kidd*, the Supreme Court addressed the constitutionality of a statute that prohibited the display of materials deemed harmful to minors and a companion nuisance statute. *Davis-Kidd*, 866 S.W.2d at 521. More important to this action than the rulings on the constitutionality of the statute, however, is the procedural posture of the case, which was brought as a declaratory judgment action in the Chancery Court of Davidson County seeking a declaration that the statutes were facially unconstitutional under the federal and state constitutions. *Id*. at 522. The statutes at issue made it a criminal offense to display materials that were harmful to minors as defined in the statute. *Id*. Thus, *Davis-Kidd* provides an example of a declaratory judgment action that was commenced and maintained in a court of equity wherein the petitioner challenged the constitutionality of a criminal statute as applied and our Supreme Court considered the merits of the case and did not find that the court of equity lacked subject matter jurisdiction.

In *Clinton Books*, our Supreme Court addressed whether a trial court had jurisdiction to issue a temporary injunction barring enforcement of a statute regulating the hours during which an adult-oriented business could operate, which if violated would result in criminal penalties. *Clinton Books*, 197 S.W.3d at 751. The court answered this in the negative holding that the long-standing rule in this State is that "state courts of equity lack jurisdiction to enjoin the enforcement of a criminal statute that is alleged to be unconstitutional." *Id*. at 752 (citing *Alexander v. Elkins*, 179 S.W. 310, 311 (Tenn. 1915); *J.W. Kelly & Co. v. Conner*,

---

[5]Notably, *Zirkle* made no reference to the Supreme Court's previous decision in *Buckner*.

123 S.W. 622, 637 (Tenn. 1909)). In so holding, the court noted that nothing in their decisions in *Planned Parenthood* nor *Davis-Kidd*, which dealt with declaratory actions seeking relief from statutes that provided for the imposition of criminal penalties if violated, altered the long-standing rule. *Id.* at 752-53. The court held that the omission of any discussion of the trial court's jurisdiction should not be interpreted as altering the general rule prohibiting state equity courts from *enjoining* enforcement of a criminal statute. *Id*. at 753.[6] The court further noted that criminal proceedings had already been instituted for violation of the statute at issue and that the "issue of validity is not so complex that it cannot be resolved by a court with criminal jurisdiction if raised as a defense in a criminal action." *Id*. at 754.

The court next addressed whether the trial court erred in consolidating the request for injunctive relief with the declaratory judgment action and addressing the constitutionality of the statute. *Id*. at 755. The court ruled that the trial court erred in addressing the constitutionality of the statute because it failed to order consolidation or give notice to the parties that it intended to consolidate the hearings on the declaratory judgment action and the injunction action. *Id*. Thus, due to its failure to comply with Tenn. R. Civ. P. 65.04(7), the trial court could not have addressed the constitutionality of the statute at the time of the hearing, which the parties believed and desired to be only on the issue of injunctive relief against the enforcement of the statute. *Id*. The Supreme Court then reversed and *remanded* the case to the trial court for a hearing on the merits of the declaratory judgment action. *Id*. at 755-56. Had our Supreme Court determined that the trial court lacked jurisdiction to entertain an action for declaratory relief on the statute, a violation of which would result in criminal penalties, the court would not have remanded the action for a hearing on the merits of the declaratory judgment action; instead, the court would have remanded with instruction to dismiss the action for lack of subject matter jurisdiction. *See Cnty. of Shelby v. City of Memphis*, 365 S.W.2d 291 (Tenn.1963) (noting that subject matter jurisdiction may be raised at any time by the parties or by the appellate court sua sponte on appeal).

For the foregoing reasons, we have concluded that the chancery court had subject matter jurisdiction over Petitioner's complaint for declaratory relief concerning the constitutionality of Tennessee Code Annotated § 39-17-1307(b)(1)(B) as applied to him.[7] Accordingly, we affirm the trial court on this issue.

---

[6]An exception to this is when the Supreme Court has already found the statute unconstitutional, at which point "no controversies are required to be settled by a criminal court, and the equity court is not invading the criminal court's jurisdiction by issuing an injunction." *Clinton Books*, 197 S.W.3d at 753.

[7]Nevertheless, as *Clinton Books* clearly stated, the chancery court "lack[s] jurisdiction to enjoin the enforcement of a criminal statute that is alleged to be unconstitutional." *Clinton Books*, 197 S.W.3d at 752.

## II.
### RULE 12.02(6) MOTIONS TO DISMISS DECLARATORY JUDGMENT ACTIONS

Next, we consider whether the trial court erred by granting the State's Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss instead of denying the motion and, when the case was in the proper posture, entering a declaratory judgment to afford Petitioner relief from the uncertainty of whether he may lawfully possess a firearm in Tennessee.

As our Supreme Court explained in *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422 (Tenn. 2011), when considering a Rule 12.02(6) motion to dismiss:

> [C]ourts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med*, 71 S.W.3d at 696); *see Leach v. Taylor*, 124 S.W.3d 87, 92-93 (Tenn. 2004). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo. *Brown*, 328 S.W.3d at 855; *Stein*, 945 S.W.2d at 716.

*Webb*, 346 S.W.3d at 425-26 (some internal citations omitted).

The foregoing notwithstanding, because this is a declaratory judgment action, as distinguished from a tort action or a contract action in which the plaintiff is seeking monetary damages, to recover property, or other affirmative relief, the standard by which we review a Rule 12 dismissal of the complaint is somewhat different from that applied in most civil actions. This is because, as this court explained in *Cannon Cnty. Bd. of Educ. v. Wade*, 178 S.W.3d 725 (Tenn. Ct. App. 2005), Tennessee Rule of Civil Procedure 12.02(6) motions to dismiss are seldom appropriate in declaratory judgment actions *provided* there is an actual controversy that may be resolved by means of a declaration of the parties' respective rights. *Id.* at 730 (citing *Glover v. Glendening*, 829 A.2d 532, 539 (Md. 2003)).

When considering a motion to dismiss a declaratory judgment action it is important to recognize that the general purpose of a declaratory judgment action is not to award affirmative relief, but "*to resolve a dispute, afford relief from uncertainty with respect to rights, status, and other legal relations.*" *Wade*, 178 S.W.3d at 730 (emphasis added). In this

-9-

context, the fact that the party seeking declaratory relief is not entitled to a favorable judgment – that he, she, or it will not prevail on the issue in controversy – does not mean that the parties are not entitled to the "relief from uncertainty that a declaratory judgment affords." *Id.* at 730. As we explained in *Wade*:

> The prevailing rule is that *when a party seeking a declaratory judgment alleges facts demonstrating the existence of an actual controversy concerning a matter covered by the declaratory judgment statute*, *the court should not grant a Tenn. R. Civ. P. 12.02(6) motion to dismiss but, instead, proceed to render a declaratory judgment as the facts and law require. Hudson v. Jones*, 278 S.W.2d 799, 804 (Mo. Ct. App. 1955); 1 Walter H. Anderson, [*Actions for Declaratory Judgments*] § 318, at 740 (2d ed.1951).
>
> The Tennessee Supreme Court followed this protocol in *Frazier v. City of Chattanooga*, 156 Tenn. 346, 1 S.W.2d 786 (1928). A resident of Chattanooga sought a declaratory judgment concerning whether a private act conferring powers on the City of Chattanooga had been repealed by implication by another private act. The City filed a demurrer, being the former equivalent of today's Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim. Rather than ruling against the resident on the merits of the case, the trial court sustained the City's demurrer (dismissed the action). The Tennessee Supreme Court observed: *"It seems to us that the better practice in a case brought under the Declaratory Judgment Law . . . is to enter a decree, sometimes referred to as a 'declaration,' defining the rights of the parties under the issues made, even though such decree is adverse to the contentions in the bill."* *Frazier*, 1 S.W.2d at 786.

*Id.* at 730 (emphasis added). Thus, what is essential is that the party seeking the declaratory judgment state facts sufficient to demonstrate the existence of an actual controversy concerning the matter at issue in the declaratory judgment action. *See Hudson*, 278 S.W.2d at 804; *see also* 1 Walter H. Anderson, *Actions for Declaratory Judgments* § 318, at 740.

Based upon the prevailing rule, the party seeking a declaratory judgment is not required to allege facts in its complaint demonstrating that it is entitled to a favorable decision. *Wade*, 178 S.W.3d at 730 (citing *Maguire v. Hibernia Sav. & Loan Soc'y*, 146 P.2d 673, 678 (Cal. 1944) (holding a complaint for declaratory relief which recites the dispute between the parties and prays for a declaration of rights, states facts sufficient to constitute a cause of action against a motion to dismiss for insufficiency of the complaint although it is on the wrong side of the controversy); *State v. Brown & Williamson Tobacco Corp.*, 18

S.W.3d 186 (Tenn. 2000) (holding the essential element to be that a justiciable controversy exists)) (emphasis added).

The above principles were applied in *Wade*, an action in which the Cannon County School Board filed a Declaratory Judgment action seeking to avoid binding arbitration with Goldy Wade, a non-tenured teacher, as it pertained to the School Board's decision to not extend Ms. Wade's contract of employment beyond its one-year term. *Id.* at 726. At issue were the parties' respective rights under a collective bargaining agreement. Ms. Wade and the Cannon County Education Association responded to the complaint by filing a Tennessee Rule of Civil Procedure 12.02(6) Motion to Dismiss for failure to state a claim. The trial court dismissed the complaint stating "there was no state of facts the School Board could prove that would warrant relief." *Id.* On appeal, we noted that Rule 12.02(6) motions are rarely appropriate in declaratory judgment actions and reversed the trial court, reinstated the complaint for declaratory judgment, and remanded the case for further proceedings. *Id.*

It is also significant that the trial court dismissed the complaint for a declaratory judgment in *Wade* upon a finding that "the parties had entered into a binding [collective bargaining] agreement to submit such grievances to arbitration." *Id*. That finding, however, was undermined because the trial court dismissed the complaint instead of declaring the parties' rights as the school board had requested. As for the ruling in *Wade,* we acknowledge the case was not in the proper posture for the trial court to make such a summary ruling concerning the parties' respective rights when the motion to dismiss came on for hearing. However, had the court denied the motion to dismiss, the parties could have filed motions for summary judgment, thereby putting the case in the proper posture for a declaration of the parties' respective rights as it pertained to the collective bargaining agreement and Ms. Wade's employment. As we explained in our remand instructions:

> If the trial court, in its discretion, determines that this is an appropriate case for summary judgment, then it should determine whether and under what conditions the School Board would be required to submit its decision not to renew Mr. Wade's contract to binding arbitration under the collective bargaining agreement.

*Id.* at 731.

The foregoing notwithstanding, there are circumstances where a Rule 12.02(6) dismissal of a declaratory action is appropriate, for example, when the complaint fails to establish that a justiciable controversy exists. If that is the case, dismissal is appropriate. If not, the trial court should delve into the merits of the declaratory judgment action and determine whether it is or is not more appropriate to issue a declaratory judgment on the

controverted issue, even if the declaration of rights is adverse to the plaintiff, for the end result is that a controversy is put to rest.

## III.
### PETITIONER'S COMPLAINT FOR A DECLARATORY JUDGMENT

As Petitioner states in his complaint for declaratory judgment, he seeks to determine whether he may "lawfully purchase firearms and possess them in his home and to engage in otherwise lawful hunting activity" in Tennessee.[8] Petitioner insists this action is necessary to remove the uncertainty of whether Tennessee Code Annotated § 39-17-1307(b)(1)(B) may apply to him because, if it does, he would be committing a felony if he purchased or possessed a firearm in Tennessee. The factual basis upon which he asserts the statute does not apply to him is because he received a full pardon from the State of Georgia with the "Restoration of the Right to Bear Arms" expressly stated in bold letters on the pardon.[9] He insists that Tennessee may not apply Tennessee Code Annotated § 39-17-1307(b)(1)(B) against him based upon certain constitutional rights, specifically the full faith and credit clause of the United States Constitution, the Second Amendment to the United States Constitution; the Privileges and Immunities Clause, the Equal Protection Clause of the United States Constitution, and article I, section 26 of the Tennessee Constitution.

It is readily apparent from our review of two comprehensive memorandum opinions rendered by the chancery court that the chancellor concluded that Petitioner had alleged sufficient facts to demonstrate that an actual controversy concerning the application of Tennessee Code Annotated § 39-17-1307(b)(1)(B) to Petitioner exists, and we agree with this determination. Although not declared by the trial court, the obvious inference from the chancellor's rulings is that Petitioner may not lawfully purchase or possess a firearm in Tennessee. A thorough examination of the chancellor's analysis makes it clear the court determined that Petitioner would not be the prevailing party. Nevertheless, as was the case in *Wade*, we are hampered by the fact that Petitioner's Complaint for Declaratory Judgment was dismissed pursuant to Tennessee Rule of Civil Procedure 12.02(6) for failure to state a

---

[8]Petitioner states in his brief that he only seeks the collective rights of "purchasing and possessing firearms" and that nothing in his petition addresses "the separate issue of 'wearing' of arms as in the case of carrying a concealed pistol, for example. That is the issue in this appeal. Mr. Blackwell seeks only the rights to lawfully purchase firearms and possess them in his home and to engage in otherwise lawful hunting activity. . . ."

[9]Petitioner also noted that he received certification from the Federal Bureau of Investigation that his right to purchase and own a firearm was not obstructed by federal law. This is because under federal law, a pardoned felon is not in violation of 18 U.S.C. § 922(g), if his civil rights have been restored under federal law. *See Beecham v. United States*, 511 U.S. 368 (1994).

claim upon which relief can be granted without an expressed declaration of the parties' respective rights. *See Wade*, 178 S.W.3d at 730; *see also Frazier*, 1 S.W.2d at 786 (stating "the better practice in a [declaratory judgment action] is to enter a decree, sometimes referred to as a 'declaration,' defining the rights of the parties under the issues made, even though such decree is adverse to the contentions of the bill.").

In order to preserve judicial resources, our preference would be to rule on the issues presented as the Supreme Court did in *Lindsey*, 285 S. W. 705, and *Buckner,* 300 S.W. 565. If we decided the issues without remand, our decision would not infringe upon the rights of any party *provided* we affirmed the trial court in all respects. If, however, we were to disagree with the trial court, in whole or in part, concerning any of the constitutional grounds and rule in favor of Petitioner, the State would have every reason to complain. This is because the State has not filed an Answer to the Complaint, a fact that is acknowledged by Petitioner in his reply brief.[10] Moreover, we cannot rule out the possibility that additional facts may need to be considered if the case is to be decided on the merits. Even though it is unlikely that the filing of an Answer or the introduction of additional facts will be of consequence, we feel compelled to afford the State the opportunity to file an Answer to the Complaint, and both parties the opportunity to present additional facts, if they so choose.

Accordingly, we reverse the grant of the State's Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss, reinstate the Complaint, and remand this action to the trial court for further proceedings consistent with this opinion.

## IN CONCLUSION

The judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded with costs of appeal assessed against the defendants.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[10]In the appellant's brief, Petitioner asked this Court to reverse and remand "with directions to grant the Petition for Declaratory Relief." However, in Petitioner's Reply Brief, he stated: "With the pun only partially intended, Petitioner believes he has 'jumped the gun.' Given that the State had filed a Motion to Dismiss and not an Answer the requested remedy should, instead, be that this Court reverse the Chancellor's Order dismissing the case on the merits and remand for further proceedings."