# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 23, 2013 Session

## KENNETH R. BABB, ET. AL. V. TRENT CROSS, ET. AL.

**Appeal from the Chancery Court for Scott County**
**No. 10296    Hon. Billy J. White, Chancellor**

---

**No. E2012-01327-COA-R3-CV-FILED-FEBRUARY 20, 2013**

---

In this case, Plaintiffs sought a permanent injunction and a declaratory judgment prohibiting Defendants from restricting the use of Marcum Creek Road. Defendants denied that Plaintiffs ever had a right of access to Marcum Creek Road and asserted that Plaintiffs had failed to state a claim upon which relief could be granted. Thereafter, Plaintiffs filed a separate motion for a temporary injunction. The trial court consolidated the hearing on the injunction motion with a trial on the merits and issued a declaratory judgment, providing that Marcum Creek Road was a public road and that the public should have uninterrupted use of the right-of-way. Defendants appeal, asserting that the trial court abused its discretion by consolidating the motion hearing with a trial on the merits. Defendants request remand of this case to the trial court for a trial on the merits. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., P.J. and D. MICHAEL SWINEY, J., joined.

C. Patrick Sexton, Oneida, Tennessee, for the appellants, Trent Cross, Gary Cross, and Ruby Ann Cross.

David A. Stuart and Max E. Huff, Clinton, Tennessee, for the appellees, Kenneth R. Babb and Leland Babb.

# OPINION

## I. BACKGROUND

The record before this court is sparse. Kenneth R. Babb and Leland H. Babb (collectively "Plaintiffs") owned property and a timber lease to other properties in Scott County, Tennessee. In order to access their property and the leased properties, Plaintiffs traveled on Marcum Creek Road, which crossed property allegedly owned by or adjacent to property owned by Trent Cross, Gary Cross, and Ruby Ann Cross (collectively "Defendants"). In 2011, Defendants attempted to generally restrict access to Marcum Creek Road. Defendants posted signs, and Trent Cross and Gary Cross confronted Plaintiffs on at least one occasion, prompting a verbal and physical confrontation. Claiming to be a Scott County Deputy, Trent Cross arrested Kenneth R. Babb for trespassing. The charges against Kenneth R. Babb were dismissed, but the relationship between Plaintiffs and Defendants remained tense.

Plaintiffs eventually filed a complaint in which they sought a permanent injunction, enjoining Defendants from interfering with the public's right to use Marcum Creek Road. Also in the complaint, Plaintiffs sought a declaratory judgment, providing that Marcum Creek Road was a public road, the use of which may not be restricted by Defendants or others who may own property through which the public road crossed. Plaintiffs alleged that several other people also used Marcum Creek Road to access property and that family cemeteries were located upon some of those properties.

Defendants denied any wrongdoing, asserting that Plaintiffs never had access to any property owned by them and that they never gave Plaintiffs or anyone else permission to travel through their property for any purpose. Defendants denied knowledge as to the location of Marcum Creek Road. Defendants argued that Plaintiffs had failed to state a claim against them and demanded that Plaintiffs be required to provide evidence of the exact location of the road at issue. Separately, Trent Cross filed a motion to dismiss, claiming that Plaintiffs had failed to state a claim against him because he did not own any "real property adjacent to or underneath where [the] proposed Marcum Creek Road [was] located."

Shortly thereafter, Plaintiffs filed a motion for a temporary injunction pursuant to Rule 65.04 of the Tennessee Rules of Civil Procedure. Plaintiffs again alleged that they owned property and leased other property accessed by Marcum Creek Road and that Defendants had blocked the road, preventing them from accessing their properties. They asserted that the road had been used to access many tracts of property and cemeteries for years and that prior attempts to "close" the road had been denied.

Defendants received notice to appear for a hearing on the temporary injunction motion. The morning of the hearing, Defendants filed a motion, asserting that the court "should not take action until [Plaintiffs] brought in all necessary parties for which they claim an easement." Despite the motion, the hearing was held, several witnesses testified, and several exhibits were admitted by the trial court. At some point,[1] the motion hearing was consolidated with a trial on the merits. The trial court granted the request for a declaratory judgment by order, which provided, in pertinent part,

> This cause came to be heard on the 23rd day of May, 2012 . . . upon the Motion for a Temporary Injunction filed by [Plaintiffs] and Notice by [Plaintiffs] to appear in [c]ourt. Upon hearing statements of counsel, the [c]ourt concluded testimony was necessary and began hearing testimony in this cause. Individuals providing live testimony to the [c]ourt were as follows: Leland Babb, Pat Phillips, Charles Honeycutt, James Honeycutt, Harce Allen, Buford Sexton, Kenneth Babb, Charity Babb, Trent Cross, Gary Cross, and John Beaty. Upon hearing the live testimony, this [c]ourt concluded it was no longer necessary for a Temporary Injunction and concluded the case upon the merits.
>
> > 1. This [c]ourt finds that the passageway identified as Marcum Creek Road is a public road through the defendant, Gary Cross'[s] real property[.]
> >
> > 2. That the public shall have uninterrupted use of this right-of-way through [Gary Cross's] property.
>
> WHEREFORE, it is therefore, ORDERED, ADJUDGED and DECREED as follows:
>
> > 1. That the property of [Defendants] is burdened by Marcum Creek Road as a public road through their property.
> >
> > 2. That the Motion to Dismiss filed by Trent Cross is hereby denied.
> >
> > 3. That the cost of this action is taxed to [Defendants].

This timely appeal followed.

---

[1] A transcript of the hearing was not included in the record on appeal.

## II.  ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.  Whether this court may review the trial court's decision to consolidate the motion hearing with a trial on the merits when Defendants failed to provide a transcript of the hearing in the record on appeal.

B.  Whether the trial court erred in consolidating the hearing on the motion for a temporary injunction with a trial on the merits.

## III.  STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them.  *See* Tenn. R. App. P. 13(d).  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.  *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

An appellate court will find an abuse of discretion "only when the trial court applies an incorrect legal standard, reaches an illogical decision, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Francois v. Willis*, 205 S.W.3d 915, 916 (Tenn. Ct. App. 2006).

## IV.  DISCUSSION

### A. & B.

The record before this court does not contain a transcript or statement of the evidence of the proceedings in the trial court, at which an extensive hearing was held.  Plaintiffs assert that this oversight is fatal to the appeal, while Defendants assert that review of a transcript in this case is unnecessary because the issue they raised is merely a procedural issue, namely whether the court abused its discretion in consolidating the hearing on the motion for a temporary injunction with a trial on the merits.  Stated another way, Defendants opine that a transcript is unnecessary because this court is not reviewing the factual findings of the trial court.

An appellant's failure to file a transcript or statement of the evidence of the proceedings in the trial court generally frustrates this court's review. Thus, an appellant must prepare a record that "conveys a fair, accurate and complete account of what transpired with respect to those issues that are the bases of the appeal." Tenn. R. App. P. 24(b); *see Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). This court's review of a transcript in this case is especially important because the issue raised on appeal relates to the trial court's adherence to Rule 65.04 of the Tennessee Rules of Civil Procedure. The pertinent rule provides that while a temporary injunction shall not be issued "without notice to the adverse party," the court may consolidate a hearing on an injunction motion with a trial on the merits. Tenn. R. Civ. P. 65.04(1), (7). The rule provides, in pertinent part,

> Before *or* after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. [Subdivision 65.04(7)] shall be so construed and applied as to save [] the parties any rights they may have to trial by a jury.

Tenn. R. Civ. P. 65.04(7) (emphasis added).

Rule 65.04(7) has been examined by the Tennessee Supreme Court in at least one case that is pertinent to our review. *See Clinton Books, Inc. v. City of Memphis*, 197 S.W.3d 749 (Tenn. 2006) (holding that the trial court erred in ruling on the merits of the claim when the parties were not advised that the motion hearing had been consolidated with a trial on the merits until an order was entered). In *Clinton*, the Court acknowledged the United States Supreme Court's decision in *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) as persuasive authority. *Clinton*, 197 S.W.3d at 755. In *Camenisch*, the United States Supreme Court stated,

> Should an expedited decision on the merits be appropriate, Rule 65(a)(2) of the Federal Rules of Civil Procedure provides a means of securing one. That Rule permits a court to "order the trial of the action on the merits to be advanced and consolidated with the hearing of the application." Before such an order may issue, however, the courts have commonly required that "the parties should normally receive clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." This procedure was not followed here.

451 U.S. 390 at 395 (internal citations omitted).  Likewise, our Supreme Court held that a trial court "must provide the parties with notice before issuing an order of consolidation in accordance with Rule 65.04(7) of the Tennessee Rules of Civil Procedure." *Clinton*, 197 S.W.3d at 755.  In remanding the case to the trial court because the court failed to comply with Rule 65.04, our Supreme Court stated,

> The trial court in the present case did not order consolidation or provide notice to the parties of its intent to consolidate the hearings.  Throughout the hearing, the parties emphasized that the hearing involved only the temporary injunction and that they wished to address the request for a declaratory judgment at a later date.  The parties were not advised that the trial court had consolidated the hearings until the trial court issued its order finding that the statute met Tennessee constitutional standards.

*Id.*  Thus, the success of an appeal of a court's decision to consolidate an injunction motion hearing with a trial on the merits rests upon the adequacy and timing of the notice provided to the parties.

The hearing in this case that was, at some point, consolidated with a trial on the merits did not merely consist of arguments submitted by counsel for both sides.  The record reflects that 8 exhibits were admitted into evidence and that 11 witnesses, including Trent Cross and Gary Cross, testified at some point during the hearing or trial.  Given these facts, this case presents a novel and interesting issue regarding the adequacy and timing of notice of consolidation.  Unfortunately, without a transcript of the hearing, we are unable to ascertain whether Defendants may have acquiesced to the consolidation or whether any notice, if given after the commencement of the hearing, was adequate for purposes of Rule 65.04(7).  Accordingly, we must affirm the judgment of the trial court.

## V.  CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed equally to the appellants, Trent Cross, Gary Cross, and Ruby Ann Cross.

_____
JOHN W. McCLARTY, JUDGE

-6-